| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

**Name of Debtor (if individual, enter Last, First, Middle):**
Lyondell Chemical Company

**Name of Joint Debtor (Spouse) (Last, First, Middle):**

**All Other Names used by the Debtor in the last 8 years**
(include married, maiden, and trade names):

**All Other Names used by the Joint Debtor in the last 8 years**
(include married, maiden, and trade names):

**Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all):**
95-4160558

**Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all):**

**Street Address of Debtor (No. and Street, City, and State):**
1221 McKinney Street
Houston, TX
ZIP CODE 77010

**Street Address of Joint Debtor (No. and Street, City, and State):**
ZIP CODE

**County of Residence or of the Principal Place of Business:**
Harris County

**County of Residence or of the Principal Place of Business:**

**Mailing Address of Debtor (if different from street address):**
N/A
ZIP CODE

**Mailing Address of Joint Debtor (if different from street address):**
ZIP CODE

**Location of Principal Assets of Business Debtor (if different from street address above):**
The Debtor, together with its affiliated Debtors, has assets located throughout the United States and various other countries.
ZIP CODE

---

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other
  Chemical Company

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.)**

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- ☒ Debts are primarily business debts.

---

**Filing Fee (Check one box.)**

- ☒ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

**Check one box:**
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Check all applicable boxes:**
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

---

**Statistical/Administrative Information**

- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors (Consolidated with affiliated Debtors)**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

**Estimated Assets (Consolidated with affiliated Debtors)**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to 500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

**Estimated Liabilities (Consolidated with affiliated Debtors)**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to 500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location Where Filed: **N/A** | Case Number: | Date Filed: |
| Location Where Filed: **N/A** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: See Attached Schedule 1 | Case Number: | Date Filed: |
| District: Southern District of New York | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☒  Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☒  No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification (11 U.S.C. § 362(1).

| **Voluntary Petition** _(This page must be completed and filed in every case.)_ | Name of Debtor(s): |
|---|---|

| **Signatures** | |
|---|---|

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
  Signature of Debtor

X _____
  Signature of Joint Debtor

  _____
  Telephone Number (if not represented by attorney)

  _____
  Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
  (Signature of Foreign Representative)

  _____
  (Printed Name of Foreign Representative)

  _____
  Date

**Signature of Attorney***

X _Deryck A. Palmer_ (signature)
  Signature of Attorney for Debtor(s)

  _Deryck A. Palmer, Esq._
  Printed Name of Attorney for Debtor(s)

  _CADWALADER, WICKERSHAM & TAFT LLP_
  Firm Name

  _One World Financial Center_
  _New York, New York  10281_
  Address

  _(212) 504-6000_
  Telephone Number

  _January 6, 2009_
  Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

  _____
  Printed Name and title, if any, of Bankruptcy Petition Preparer

  _____
  Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

  _____
  Address

X _____

  _____
  Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

_A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156._

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X   _/s/  Alan S. Bigman_
  Signature of Authorized Individual
  _Alan S. Bigman_
  Printed Name of Authorized Individual
  _Vice-President_
  Title of Authorized Individual
  _January 6, 2009_
  Date

SCHEDULE 1

The following list identifies all of the affiliated entities, including the Debtor filing this petition (collectively, the "Debtors"), that have filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, substantially contemporaneously with the filing of this petition. The Debtors have filed a motion requesting that their chapter 11 cases be jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

1.    Basell Finance USA Inc.

2.    Basell Germany Holdings GmbH

3.    Basell North America Inc.

4.    Basell USA Inc.

5.    Circle Steel Corporation

6.    Duke City Lumber Company, Inc.

7.    Equistar Chemicals, LP

8.    Equistar Transportation Company, LLC

9.    Glidco Leasing, Inc.

10.   Glidden Latin America Holdings Inc.

11.   HOISU Ltd.

12.   Houston Refining LP

13.   HPT 28 Inc.

14.   HPT 29 Inc.

15.   H.W. Loud Co.

16.   IMWA Equities II, Co., L.P.

17.   ISB Liquidating Company

18.   LBI Acquisition LLC

19.   LBIH LLC

20.   LeMean Property Holdings Corporation

21.    Lyondell Asia Pacific, Ltd.

22.    Lyondell Chemical Company

23.    Lyondell Chemical Delaware Company

24.    Lyondell Chemical Espana Co.

25.    Lyondell Chemical Europe, Inc.

26.    Lyondell Chemical International Co.

27.    Lyondell Chemical Nederland, Ltd.

28.    Lyondell Chemical Products Europe, LLC

29.    Lyondell Chemical Properties, L.P.

30.    Lyondell Chemical Technology Management, Inc.

31.    Lyondell Chemical Technology 1 Inc.

32.    Lyondell Chemical Technology, L.P.

33.    Lyondell Chimie France LLC

34.    Lyondell-Equistar Holdings Partners

35.    Lyondell Europe Holdings Inc.

36.    Lyondell Greater China, Ltd.

37.    Lyondell Houston Refinery Inc.

38.    Lyondell LP3 GP, LLC

39.    Lyondell LP3 Partners, LP

40.    Lyondell LP4 Inc.

41.    Lyondell (Pelican) Petrochemical L.P. 1, Inc.

42.    Lyondell Petrochemical L.P. Inc.

43.    Lyondell Refining Company LLC

44.    Lyondell Refining I LLC

45.    LyondellBasell Advanced Polyolefins USA Inc.

46.    LyondellBasell Finance Company

47.    MHC Inc.

48.    Millennium America Holdings Inc.

49.    Millennium America Inc.

50.    Millennium Chemicals Inc.

51.    Millennium Holdings, LLC

52.    Millennium Petrochemicals GP LLC

53.    Millennium Petrochemicals Inc.

54.    Millennium Petrochemicals LP LLC

55.    Millennium Petrochemicals Partners, LP

56.    Millennium Realty Inc.

57.    Millennium Specialty Chemicals Inc.

58.    Millennium US Op Co LLC

59.    Millennium Worldwide Holdings I Inc.

60.    MWH South America LLC

61.    National Distillers & Chemical Corporation

62.    NDCC International II Inc.

63.    Nell Acquisition (US) LLC

64.    Penn Export Company, Inc.

65.    Penn Navigation Company

66.    Penn Shipping Company, Inc.

67.    Penntrans Company

68.    PH Burbank Holdings, Inc.

69.    Power Liquidating Company, Inc.

70.    Quantum Acceptance Corporation

71.  SCM Plants, Inc.

72.  Suburban Propane GP, Inc.

73.  Tiona, Ltd.

74.  UAR Liquidating Inc.

75.  USI Chemicals International, Inc.

76.  USI Credit Corp.

77.  USI Puerto Rico Properties, Inc.

78.  Walter Kidde & Company, Inc.

79.  Wyatt Industries, Inc.

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

| | | |
|---|---|---|
| In re, _____ Lyondell Chemical Company _____ , | ) | Case No. ___ 09-[    ] |
| Debtor | ) | |
| | ) | |
| | ) | Chapter 11 |

### EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 1-10145.

2. The following financial data is the latest available information and refers to the debtor's condition on November 13, 2008.[1]

| | | |
|---|---|---|
| a. Total assets | $   27,117,000,000.00 | |
| b. Total debts (including debts listed in 2.c., below) | $   19,337,000,000.00 | |
| c. Debt securities held by more than 500 holders: | None | |
| | | Approximate number of holders: |
| d. Number of shares of preferred stock | N/A | N/A |
| e. Number of shares common stock | 1,000 | 1 |

Comments, if any:

3. Brief description of debtor's business:

Lyondell Chemical Company is part of an international group of affiliated entities (some of which are also Debtors) that produce chemicals, plastics and gasoline blending components and refine oil.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

Lyondell Chemical Company is owned by LIBH LLC; LIBH LLC is owned by LyondellBasell Finance Co.; LyondellBasell Finance Co. is owned by Basell Funding S.a.r.l.; Basell Funding S.a.r.l. is owned by LyondellBasell Industries AF S.C.A.; LyondellBasell Industries AF S.C.A. is owned by BI S.a.r.l.; BI S.a.r.l. is owned by Nell Limited, Leonard Blavatnik, NAG Investments LLC and AI Petrochemicals LLC.

---

[1] Total assets and liabilities represent the financial data of Lyondell Chemical Company, consolidated with affiliated Debtors.

## CERTIFICATE OF RESOLUTIONS

The Board of Directors of Lyondell Chemical Company, (the "Company"), a Delaware corporation hereby adopts the following resolutions, as the actions of the Board of Directors of the Company:

RESOLVED, that Alan S. Bigman is appointed as a Vice-President of the Company.

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, employees, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

RESOLVED, that each of the Company's President, Treasurer, Chief Financial Officer, Senior Vice-Presidents, or Vice-Presidents (each an "Authorized Person" and all "Authorized Persons") be, and hereby is, authorized, empowered and directed, in the name, and on behalf of the Company, to execute and verify petitions and amendments thereto under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York at such time or in such other jurisdiction as such Authorized Person executing the same shall determine.

RESOLVED, that the law firm of Cadwalader, Wickersham & Taft LLP is hereby engaged as restructuring counsel for the Company under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval.

RESOLVED, that Evercore Partners be appointed to serve as the financial advisor to the Company on the terms heretofore agreed between such firm and the Company or its affiliates, or otherwise as may be agreed between such firm and the officers of the Company or its affiliates and in connection therewith, each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate be, and each hereby is, authorized and directed to execute appropriate retention agreements and pay appropriate retainers.

RESOLVED, that Alix Partners and its subsidiary AP Services, LLC be appointed to serve as the restructuring advisor to the Company on the terms heretofore agreed between such firm and the Company or its affiliates, or otherwise as may be agreed between such firm and the officers of this Company or its affiliates and in connection therewith, each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate be, and each hereby is, authorized and directed to execute appropriate retention agreements and pay appropriate retainers.

RESOLVED, that Kevin McShea of Alix Partners and its subsidiary AP Services, LLC be appointed as Chief Restructuring Officer of the Company and shall serve the Company as chief advisor with respect to the restructuring process with responsibilities customary for a role of this nature.

RESOLVED, that Clifford Chance LLP be appointed to provide restructuring and other advice to the Company with respect to European entities, and in connection therewith, each Authorized Person, and such other officers of the Company or its affiliates as the Authorized Persons shall from time to time designate be, and each hereby is, authorized and directed to execute appropriate retention agreements and pay appropriate retainers.

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers, and to take and perform any and all further acts and deeds which he or she deems necessary, proper or desirable in connection with the Chapter 11 Case.

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to engage, retain or appoint additional assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals in connection with the Chapter 11 Case.

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate be, and each hereby is, authorized and empowered to negotiate for and obtain postpetition financing according to terms to be negotiated by management of the Company, including under debtor-in-possession credit facilities or relating to the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such postpetition financing or cash collateral agreements or other similar arrangements; and in connection therewith, the officers of the Company be, and each hereby is, authorized and directed to execute appropriate loan agreements, guarantees, cash collateral agreements and related ancillary documents.

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action as in the judgment of such person shall be or become necessary, proper, and desirable to effectuate a successful reorganization of the business of the Company.

RESOLVED, that in connection with the Chapter 11 Case, each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to negotiate, execute, deliver, and perform or cause the performance of any notes, guarantees, security agreements, other agreements, consents, certificates or instruments as such person considers necessary, appropriate, desirable, or advisable to effectuate borrowings or other financial arrangements, such determination to be evidenced by such execution or taking of such action.

RESOLVED, each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, and any such actions heretofore taken by any of them are hereby ratified, confirmed and approved in all respects: (i) to negotiate, execute, deliver and/or file any and all of the agreements, documents and instruments referenced herein, and such other agreements, documents and instruments and assignments thereof as may be required or as such officers deem appropriate or advisable, or to cause the negotiation, execution and delivery thereof, in the name and on behalf of the Company, as the case may be, in such form and substance as such officers may approve, together with such changes and amendments to any of the terms and conditions thereof as such officers may approve, with the execution and delivery thereof on behalf of the Company by or at the direction of such officers to constitute evidence of such approval, (ii) to negotiate, execute, deliver and/or file, in the name and on behalf of the Company, any and all agreements, documents, certificates, consents, filings, and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such officers deem appropriate or advisable in connection therewith, and (iii) to do such other things as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby.

RESOLVED, that, any and all past actions heretofore taken by officers of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

## LYONDELL CHEMICAL COMPANY
### SECRETARY'S CERTIFICATE

The undersigned, Gerald A. O'Brien, Secretary of Lyondell Chemical Company (the "Company"), a Delaware Corporation, hereby certifies on behalf of the Company, as the Secretary of the Company, and not in any individual capacity as follows:

1.  I am the duly qualified and elected Secretary of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify same on behalf of the Company.

2.  Each of the following persons is a duly elected, qualified and acting Director of the Company: Alan S. Bigman, Edward J. Dineen and Bart de Jong.

3.  Attached hereto is a true and complete copy of the Resolutions of the Board of Directors of the Company, duly adopted at a properly convened meeting of the Board of Directors on January 6, 2009 by unanimous vote of the directors, in accordance with the bylaws of the Company.

4.  Such resolutions have not been amended, altered, annulled, rescinded or revoked in any manner and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 6th day of JANUARY, 2009.

/s/  Gerald A. O'Brien

Deryck A. Palmer, Esq.
John J. Rapisardi, Esq.
George A. Davis, Esq.
Andrew M. Troop, Esq.
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York  10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666

Proposed Attorneys for Lyondell Chemical Company, et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **LYONDELL CHEMICAL COMPANY, et al.,** | : | **Case No. 09-[_____]** |
| | : | |
| **Debtors.** | : | **Jointly Administered** |

---------------------------------------------------------------------------x

## CORPORATE OWNERSHIP STATEMENT

In accordance with rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure

(the "Federal Bankruptcy Rules") and Local Bankruptcy Rule 1007-3, Lyondell Chemical

Company (the "Company") hereby states that the following entities directly or indirectly own

10% or more of any class of the Company's equity interests:

- LBIH LLC

- LyondellBasell Finance Company

- Basell Funding S.á.r.l.

- LyondellBasell Industries AF S.C.A.

- BI S.á.r.l.

- Nell Limited

- Leonard Blavatnik

- NAG Investments LLC

- AI Petrochemicals LLC

The Company does not own (directly or indirectly) 10% or more of any class of a corporation's publicly traded equity interests. The Company does not own an interest in any general partnership. The Company does not own an interest in any limited liability partnership. The Company hereby states that it owns an interest in the following general partnership.

- Lyondell-Equistar Holdings Partners

I, the undersigned authorized officer of the Company named as the debtor in this chapter 11 case, declare under penalty of perjury that I have reviewed the foregoing and that it is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

Dated:   New York, New York
         January 6, 2009


                                        /s/   Alan S. Bigman
                                        Alan S. Bigman
                                        Vice-President

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re:                                                  :

                                                        :          **Chapter 11**

                                                        :

**LYONDELL CHEMICAL COMPANY, et al.,**   :          **Case No. 09-[_____]**

                                                        :

                                                        :          **Jointly Administered**

            **Debtors.**                         :

                                                        :

------------------------------------------------------------x

## LIST OF CREDITORS HOLDING FIFTY
## (50) LARGEST UNSECURED CLAIMS

   Following is the consolidated list of the creditors holding the fifty largest unsecured claims of Lyondell Chemical Company and certain of its subsidiaries and affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors" and each, a "Debtor"). The list reflects amounts as of January 5, 2009. The list has been prepared in accordance with rule 1007(d) of the Federal Rules of Bankruptcy Procedure and Local Rule 1007-2(a)(4). The list does not include (i) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31); (ii) secured creditors unless the value of the collateral is such that a creditor's unsecured deficiency claim places the creditor among the holders of the fifty (50) largest unsecured claims; or (iii) claims held by any of the Debtors' employees. Any amounts listed herein are estimated, subject to verification and later dispute. Without limiting the forgoing, the Debtors reserve their rights to dispute or challenge any claim on this list for any reason.

| | Names of Creditor | Name, Complete Mailing Address (Including Zip Code) and Telephone Number of Employee, Agent, or Department of Creditor Familiar with Claim Who May Be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Amount of Claim (If Secured Also State Value of Security) |
|---|---|---|---|---|---|
| 1 | The Bank of New York, as Indenture Trustee | One Canada Square 48th Floor London El4 5AL England Attention : Global Trust Services (Global Structured Finance) Tel: 44-207-570-1784 Fax: 44-207-964-6030 | LyondellBasell Industries AF S.C.A. 8.375% Senior Notes due 2015 | Contingent | $615,000,000.00 €500,000,000.00 |
| 2 | The Bank of New York, as Indenture Trustee | Christopher Greene 101 Barclay Street, 8 West, New York, NY 10286 Tel: 212-815-2923 Fax: 212-815-2704 | Millennium America Inc. 7.625% Senior Unsecured Notes due 2026 | | $241,395,000.00 |
| 3 | Petróles Der Venezuela S.A. | Alexis Reyes Balza Edif Pdvsa Torre Dests Caracas, Venezuela Tel: 58-212-708-1893 Fax: 58-212-708-3944 | Trade Debt | | $233,631,019.00 |
| 4 | BASF Corp. | Christopher Landau, Esq. Kirkland & Ellis, LLP 655 15th St., NW Suite 1200 Washington, DC 20005 Tel: 202-879-5087 Fax: 202-879-5200 | Judgment | Contingent and Disputed | $206,407,918.00 |
| 5 | Sonatrach | F. Benbouzid Djenane El Malik Hydra Algiers, Algeria  16035 Tel: 213-2154-8011 Fax: 213-2154-7700 | Trade Debt | | $93,237,221.00 |
| 6 | GIM Channelview Cogeneration | 8580 Sheldon Road Houston, Texas 77049 Tel: 212-325-2542 Fax: 212-322-2882 | Trade Debt | | $19,103,271.30 |
| 7 | Linde Gas LLC | Ruth Ann Pruitt Enterprise Texas Pipeline 889760 Expedite Way | Trade Debt | | $15,120,054.80 |

| | | | | |
|---|---|---|---|---|
| | | Chicago, IL  60695<br>Tel: 713-767-4136<br>Fax: 713-767-4150 | | |
| 8 | Calpine Corporation | Shirley Matthews<br>12000 Lawndale<br>Houston TX  77017<br>Tel: 713-456-1331<br>Fax: 713-456-1335 | Trade Debt | $12,000,000.00 |
| 9 | Castor Americas Inc. | 360 Madison Avenue<br>19th Floor<br>New York, NY 10017 | Trade Debt | $10,909,397.16 |
| 10 | Enterprise Texas<br>Pipeline LLC | Mike Stevens<br>1100 Louisiana<br>Houston, TX 77002<br>Tel: 713-381-6900<br>Fax: 713-381-6573 or<br>      713-381-788 | Trade Debt | $10,543,050.28 |
| 11 | Chevron Phillips<br>Chemical Co | Erin Lane<br>10001 Six Pines Drive<br>The Woodlands, TX<br>77381<br>Tel: 832-813-4839<br>Fax: 832-813-6051 | Trade Debt | $10,276,934.98 |
| 12 | Air Products LLC | Ralph Alva<br>Dept CH10200<br>Palatine, IL  60055<br>Tel: 713-964-4054<br>Fax: 800-545-4548 | Trade Debt | $8,940,466.17 |
| 13 | Air Liquide America<br>Corp. | 1091 PPG Drive<br>Westlake, LA  70669<br>Tel: 713-896-2173<br>Fax: 713-624-8030 | Trade Debt | $8,407,611.99 |
| 14 | SAP America Inc. | 3999 W. Chester Pike<br>Newton Square, PA 19073<br>Tel: 610-661-1000<br>Fax: 610-661-4013 | Trade Debt | $7,206,052.05 |
| 15 | Jacobs Field<br>Services North<br>America | Mike Wagner<br>1401 Elm Street<br>Dallas, TX  75202<br>Tel: 713-669-8400<br>Fax: 713-321-6216 | Trade Debt | $6,800,086.48 |
| 16 | BASF Corporation | Gerald Flood<br>100 Campus Dr.<br>Florham Park, NJ  07932<br>Tel: 713-759-3092<br>Fax: 800-634-9105 | Trade Debt | $6,673,978.89 |

| 17 | Wyatt Field Service Company | 2060 North Loop West Houston, TX 77018 Tel: 713-684-4573 Fax: 713-937-0931 | Trade Debt | | $6,535,171.62 |
|---|---|---|---|---|---|
| 18 | Kirby Inland Marine | PO Box 200788 Houston, TX 77216-0788 Tel: 713-435-1000 Fax: 713-435-1515 | Trade Debt | | $6,177,481.90 |
| 19 | Morgan Stanley Capital Group | 2000 Westchester Avenue Purchase, NY 10577 Tel: 832-601-1007 Fax: 212-761-0292 | Trade Debt | | $5,648,469.62 |
| 20 | Morris Cogeneration LLC | Carolyn Gibson 33 South Grand Avenue Suite 1570 Los Angeles, CA 90071 Tel: 815-941-0765 Fax: 815-941-1375 | Trade Debt | | $5,033,947.44 |
| 21 | Veolia Environment Services | Vance Whatley PO Box 70610 Chicago, IL 60673 Tel: 713-307-2113 Fax: 713-321-6001 | Trade Debt | | $4,974,956.73 |
| 22 | Arco Midcon LLC | Janet Sabio 15600 JFK Blvd. Suite 300 Houston, TX 77032 Tel: 281-366-4757 Fax: 713-986-5426 | Trade Debt | | $4,860,683.84 |
| 23 | Union Pacific Railroad | 12567 Collections Center Drive Chicago, IL 60693 Tel: 402-544-0211 Fax: 402-501-0027 | Trade Debt | | $4,508,100.37 |
| 24 | BEELINE.COM Inc. | 12724 Gran Bay Pkwy W Suite 200 Jacksonville, FL 32258 Tel: 713-309-3203 Fax: 904-527-5827 | Trade Debt | | $3,941,868.91 |
| 25 | Brock Services Ltd. | Paul Brown 2022 Humble Place Drive Humble, TX 77338 Tel: 409-838-2282 Fax: 713-321-4582 | Trade Debt | | $3,915,346.59 |
| 26 | Chemtrade Refinery Services Inc. | Diana Piva PO Box 30 | Trade Debt | | $3,756,034.87 |

| | | | | |
|---|---|---|---|---|
| | | Beaumont, TX 77704<br>Tel: 416-496-4148<br>Fax: 281-446-1729 | | |
| 27 | Norfolk Southern | Bridget Baldwin<br>PO Box 532797<br>Atlanta, GA 30353<br>Tel: 404-529-2209<br>Fax: 404-589-6740 | Trade Debt | $3,744,752.31 |
| 28 | Arcardis | 4815 Prospectus Drive<br>Durham, NC 27713<br>Tel: 919-544-4535<br>Fax: 281-497-7258 | Trade Debt | $3,570,657.48 |
| 29 | Computer Sciences Corp. | 3179 Fairview Park Dr.<br>Falls Church, VA 22042<br>Tel: 703-876-1000<br>Fax: 703-641-3990 | Trade Debt | $3,509,883.76 |
| 30 | Westlake Petrochemical Corporation | Peter Kestner<br>2801 Post Oak Blvd<br>Houston, TX 77056<br>Tel: 713-585-2921<br>Fax: 337-583-4996 | Trade Debt | $3,500,314.26 |
| 31 | Kellogg, Brown & Root Industrial | PO Box 951009<br>Dallas, TX 75395<br>Tel: 214-752-8300<br>Fax: 214-752-8366 | Trade Debt | $3,410,715.07 |
| 32 | Chevron Products Company | Valerie Booth<br>Chevron Products<br>1400 Smith St.<br>Houston, TX 77002<br>Tel: 713-372-5286<br>Fax: 281-582-5732 | Trade Debt | $3,403,234.65 |
| 33 | S & B Engineering & Constructors | 7825 Park Place Blvd.<br>Houston, TX 77087<br>Tel: 713-845-4024<br>Fax: 713-847-5327 | Trade Debt | $3,312,809.95 |
| 34 | Austin Industrial (Maintenance) | PO Box 87888<br>Houston, TX 77287<br>Tel: 713-641-3400<br>Fax: 713-641-2424 | Trade Debt | $3,295,071.33 |
| 35 | Catalyst Service Inc. | Paul Chaskey<br>PO Box 201143<br>Dallas, TX 75320<br>Tel: 281-471-5522<br>Fax: 281-478-2693 | Trade Debt | $3,206,830.70 |
| 36 | Stolt Tankers | 800 Connecticut Avenue<br>4th Floor East | Trade Debt | $3,155,250.07 |

| | | | | |
|---|---|---|---|---|
| | | Norwalk, CT 06854<br>Tel: 203-838-7100<br>Fax: 281-860-5145 | | |
| 37 | CIBO Specialty Chemicals | Kendal Goodell<br>PO Box 3475<br>Tulsa, OK  74101<br>Tel: 918-615-7941<br>Fax: 918-615-7023 | Trade Debt | $3,152,745.80 |
| 38 | JV Industrial Companies LTD | 2221 Sens Road<br>La Porte, TX<br>Tel: 281-842-9353<br>Fax: 281-471-9353 | Trade Debt | $3,119,377.39 |
| 39 | A Schulman Inc. | 3550 W Market Street<br>Suite 300<br>Akron, OH 44333<br>Tel: 248-643-6100<br>Fax: 248-643-7839 | Trade Debt | $3,101,798.13 |
| 40 | BP Products North American Inc. | PO Box 3092<br>Houston, TX 77253<br>Tel: 281-366-4331<br>Fax: 281-366-7546 | Trade Debt | $3,089,011.73 |
| 41 | Tauber Oil Inc. | PO Box 4645<br>Houston, TX 77210<br>Tel: 713-869-8700<br>Fax: 713-879-8069 | Trade Debt | $3,024,000.00 |
| 42 | Burlington Northern Santa Fe | Todd Whitmore<br>3115 Solutions Center<br>Chicago, IL 60677<br>Tel: 785-435-3637<br>Fax: 785-436-6767 | Trade Debt | $2,966,815.32 |
| 43 | Basic Industries | PO Box 1334<br>Houston, TX 77251<br>Tel: 225-756-7660<br>Fax: 713-675-8691 | Trade Debt | $2,956,013.21 |
| 44 | ExxonMobil Chemical Co. | Deanna Foltyn<br>13501 Katy Freeway<br>Houston, TX  77079<br>Tel: 281-870-6848<br>Fax: 713-870-6462 | Trade Debt | $2,847,272.60 |
| 45 | Dow Chemical | PO Box 845186<br>Dallas, TX 75284<br>Tel: 800-336-7384<br>Fax: 304-747-2154 | Trade Debt | $2,817,117.85 |
| 46 | Sunoco Chemicals | 8811 Strang Road<br>La Porte, TX 77571<br>Tel: 281-476-0303 | Trade Debt | $2,732,611.21 |

| | | Fax: 281-930-2070 | | | |
|----|----|----|----|----|----|
| 47 | CDI Engineering Group Inc. | P.O. Box 88924<br>Chicago, IL 60695-1924<br>Tel: 713-354-0602<br>Fax: 713-309-2086 | Trade Debt | | $2,717,576.62 |
| 48 | Marathon Petroleum Company LLC | PO Box 3128<br>Houston, TX 77253<br>Tel: 713-629-6600<br>Fax: 419-421-4565 | Trade Debt | | $2,705,279.47 |
| 49 | Methanex Methanol Company | 15301 Dallas Parkway<br>Suite 1150<br>Addison, TX 75001<br>Tel: 972-308-0412<br>Fax: 972-960-7908 | Trade Debt | | $2,674,473.50 |
| 50 | Centerpoint Energy Gas Rec. LLC-CGSI | Mary Trevino<br>PO Box 200905<br>Houston, TX 77216<br>Tel: 713-207-3503<br>Fax: 713-951-1689 | Trade Debt | | $2,630,177.92 |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the undersigned authorized officer of the Debtors, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

Dated:    New York, New York
          January 6, 2009

Signature  /s/  Edward J. Dineen
                Chief Financial Officer