UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                  :

In re:                                      :
                                                  :           **Chapter 11**
                                                  :
**LYONDELL CHEMICAL COMPANY, et al.**,  :          **Case No. 09-10023**
                                                  :
                                                  :           **Jointly Administered**
                                   **Debtors.**       :
                                                  :
------------------------------------------------------------x

**INTERIM ORDER AUTHORIZING THE DEBTORS
TO (I) PAY PREPETITION WAGES, SALARIES,
EMPLOYEE BENEFITS AND OTHER COMPENSATION,
(II) MAINTAIN EMPLOYEE BENEFITS PROGRAMS AND
PAY RELATED ADMINISTRATIVE OBLIGATIONS, (III)
ALLOW EMPLOYEES TO PROCEED WITH OUTSTANDING
WORKERS' COMPENSATION CLAIMS AND (IV) AUTHORIZE
APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS TO
RECEIVE, PROCESS, HONOR AND PAY ALL CHECKS PRESENTED
FOR PAYMENT AND TO HONOR ALL FUNDS TRANSFER REQUESTS**

Upon the motion (the "Motion")[1] of Lyondell Chemical Company and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for interim and final orders pursuant to sections 105(a), 362(d) and 363(b) of the Bankruptcy Code, for authorization, but not the requirement, to, in their sole discretion, continue to pay and honor their obligations arising under or related to their plans, practices, programs and policies for their employees, including, without limitation, those giving rise to the Prepetition Employee Obligations (collectively, the "Employee Programs"), as those Employee Programs were in effect as of the Petition Date, subject to the limitations herein, and as such Employee Programs may be modified, terminated, amended or

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

supplemented from time to time in the ordinary course of the Debtors' businesses, as more fully described in the Motion; and upon consideration of the Affidavit of Alan S. Bigman Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, sworn to on January 6, 2009; and upon consideration of the Declaration of Ian Dunn In Support of Debtors' Motion For Authorization to (I) Pay Prepetition Wages, Salaries, Employee Benefits and Other Compensation, (II) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (III) Allow Employees to Proceed With Outstanding Workers' Compensation Claims and (IV) Authorize Applicable Banks and Other Financial Institutions to Receive, Process, Honor and Pay All Checks Presented for Payment and to Honor All Funds Transfer Requests, sworn to on January 6, 2009; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the relief requested being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED** that the Motion is granted on an interim basis on the terms set forth herein; and it is further

**ORDERED** that to the extent consistent with the DIP Documents (as defined in the final order approving postpetition financing (the "<u>Final DIP Order</u>")), the Debtors are hereby authorized, but not required, to pay, in their sole discretion, all amounts required under or related to

- (a) Unpaid Wages, (b) Short-Term Incentive Obligations, and (c) Other Employee Programs, <u>provided</u> that the Debtors shall not pay any amounts related to Unpaid Wages, Short-Term Incentive Obligations, or Other Employee Obligations in the aggregate to any Employee in excess of $10,950 without further Order of the Court;

- Withholding Obligations;

- Reimbursement Obligations; <u>provided</u> <u>that</u> the Debtors shall not pay any prepetition Reimbursement Obligations to any individual Employee in excess of $2,500 pending entry of the Final Order without approval of the U.S. Trustee;

- Health and Welfare Plan Obligations, <u>provided</u>, <u>that</u>, such Health and Welfare Obligations shall not include Executive Health and Welfare Obligations;

- Workers' Compensation Obligations;

- Relocation Expenses and Expatriate Expenses;

- Vendor Contractor Obligations;

- Savings Plan Obligations;

- LTI Obligations, but solely to the extent that the Debtors receive the funds payable prior to making any such payments;

- Retirement Plan Obligations; <u>provided</u> that for the avoidance of doubt, this Order does not authorize the Debtors to keep the amounts related to the Deferral Plans protected from distribution to their creditors; and

- Non-Executive Severance Obligations only to the extent that such Obligations are due and payable pending the Final Order

; and it is further

**ORDERED** that the Debtors shall not pay or honor any Prepetition Employee Obligation to any Employee on account of an obligation that does not fall into one of the

categories listed immediately preceding decretal paragraph if such Employee would thereby receive or could expect to receive payment in excess of the amount entitled to priority under section 507(a)(4) of the Bankruptcy Code without further order of the Court; and it is further

**ORDERED** that, notwithstanding anything herein to the contrary, the Debtors shall not be entitled to make any payments that do not comply with section 503(c) of the Bankruptcy Code; and it is further

**ORDERED** that the Debtors shall not make any payments on account of Vacation Pay (although Employees will be entitled to continue to accrue Vacation Pay); Retention Obligations; (iii) Former Employee Contractor Obligations; and (iv) the "other" incentive programs described in paragraph 49 of the Motion; pending a hearing to approve the relief requested in the Motion on a final basis (the "<u>Final Hearing</u>"); and it is further

**ORDERED** that the Debtors will not permit executives to participate in the Non-Executive Severance Plan pending the Final Hearing; and it is further

ORDERED that the Debtors are not authorized to make any payments on account of (i) the Management Incentive Plan Obligations (ii) amounts related to the Deferral Plans, (iii) SERP Obligations, (iv) amounts related to the AYCO Trust, (v) amounts related to the ESPP, (vi) Management Incentive Plan Obligations or (vii) Executive Health and Welfare Obligations; and it is further

**ORDERED** that (i) the automatic stay is modified to allow Employees to proceed with claims under the Workers' Compensation Programs in the appropriate judicial or administrative forum and (ii) the notice requirements under Bankruptcy Rule 4001(d) with respect to clause (i) above are waived; and it is further

**ORDERED** that all of the Applicable Banks shall be, and hereby are, authorized, when requested by the Debtors in the Debtors' sole discretion but consistent with the orders of this Court, without any duty of inquiry or liability to any party for following such instructions, to receive, process, honor and pay any and all checks drawn on the Debtors' payroll or disbursement accounts and any other transfers that are related to Prepetition Employee Obligations and Employee Programs and the costs and expenses incident thereto, whether those checks were presented before or after the date of the commencement of these chapter 11 cases to the extent the Debtors have sufficient standing to their credit at such bank; and it is further

**ORDERED** that nothing in the Motion or this Order shall be deemed a request by the Debtors for authority to assume, and nothing in this Order shall be deemed authorization to assume, any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; and it is further

**ORDERED** that nothing in the Motion or this Order shall be construed as impairing the Debtors' right to contest the validity or amount of any Prepetition Employee Obligation, including payroll taxes that may be due to any taxing authority; and it is further

**ORDERED** that the Debtors shall provide to the statutory committee of unsecured creditors and the DIP Agents bi-weekly written reports of all payments made hereunder and reasonable and timely access to information sufficient to enable such parties to monitor payments made, obligations satisfied and other actions taken pursuant to this Order; and it is further

**ORDERED** that to the extent that there may be any inconsistency between the terms of the interim order approving postpetition financing (the "<u>Interim DIP Order</u>") or the

Final DIP Order, if and when entered, and this Order, the terms of the Interim DIP Order or Final DIP Order, as applicable shall govern; and it is further

**ORDERED** that, within three (3) business days after entry hereof, the Debtors shall serve a copy of the Motion and this Order on (i) their fifty (50) largest unsecured creditors; (ii) the administrative agent or indenture trustee for each of the Debtors' funded debt facilities, or their counsel, or their counsel, if known; (iii) the United States Trustee for the Southern District of New York; (iv) counsel to the Debtors' proposed postpetition lenders; (v) the Internal Revenue Service; and (vi) the Securities and Exchange Commission; and it is further

**ORDERED** that objections, if any, to the relief requested in the Motion on a permanent basis shall be set forth in a writing describing the basis therefor which shall be filed with the Court electronically in accordance with General Order M-242 (N.B. General Order M 242 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the United States Bankruptcy Court for the Southern District of New York) by registered users of the Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-242 or otherwise so as to be actually received no later than **5:00 p.m. (prevailing Eastern Time) on January 19, 2009** by (i) Cadwalader, Wickersham & Taft LLP, Attorneys for the Debtors, One World Financial Center, New York, New York 10281 (Attn: Deryck A. Palmer, Esq.); (ii) the Office of the United States Trustee, 33 Whitehall Street, New York, New York 10004 (Attn: Paul Schwartzberg, Esq.); (iii) the attorneys for any official committee of unsecured creditors then appointed in these cases; and (iv) Davis Polk & Wardwell, Attorneys for Citibank, N.A.,

450 Lexington Avenue, New York, New York 10017 (Attn: Marshall S. Huebner, Esq. and Timothy Graulich, Esq.); and it is further

**ORDERED** that the Final Hearing will be held on **January 22, 2009 at 10:30 a.m. (prevailing New York time**) and, pending entry of an order following the conclusion of the Final Hearing, the relief granted herein shall remain in effect on an interim basis; and it is further

**ORDERED** that this Order is effective immediately upon its entry.

Dated: New York, New York
*January 9, 2009*

*S/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDGE