**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                          :
**In re:**                                                :
                                                          :       **Chapter 11**
                                                          :
**LYONDELL CHEMICAL COMPANY, et al.**,                    :       **Case No. 09-10023 (REG)**
                                                          :
                                                          :       **Jointly Administered**
                    **Debtors.**                          :
                                                          :
---------------------------------------------------------------x

**FINAL ORDER AUTHORIZING THE DEBTORS
TO (I) PAY PREPETITION WAGES, SALARIES,
EMPLOYEE BENEFITS AND OTHER COMPENSATION,
(II) MAINTAIN EMPLOYEE BENEFITS PROGRAMS AND
PAY RELATED ADMINISTRATIVE OBLIGATIONS, (III)
ALLOW EMPLOYEES TO PROCEED WITH OUTSTANDING
WORKERS' COMPENSATION CLAIMS AND (IV) AUTHORIZE
APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS TO
RECEIVE, PROCESS, HONOR AND PAY ALL CHECKS PRESENTED
FOR PAYMENT AND TO HONOR ALL FUNDS TRANSFER REQUESTS**

Upon the motion (the "Motion")[1] of Lyondell Chemical Company and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for interim and final orders pursuant to sections 105(a), 362(d) and 363(b) of the Bankruptcy Code, for authorization, but not the requirement, to, in their sole discretion, continue to pay and honor their obligations arising under or related to their plans, practices, programs and policies for their employees, including, without limitation, those giving rise to the Prepetition Employee Obligations (collectively, the "Employee Programs"), as those Employee Programs were in effect as of the Petition Date, subject to the limitations herein, and as such Employee Programs may be modified, terminated, amended or

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

supplemented from time to time in the ordinary course of the Debtors' businesses, as more fully described in the Motion; and upon consideration of the Affidavit of Alan S. Bigman Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, sworn to on January 6, 2009; and upon consideration of the Declaration of Ian Dunn In Support of Debtors' Motion For Authorization to (I) Pay Prepetition Wages, Salaries, Employee Benefits and Other Compensation, (II) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (III) Allow Employees to Proceed With Outstanding Workers' Compensation Claims and (IV) Authorize Applicable Banks and Other Financial Institutions to Receive, Process, Honor and Pay All Checks Presented for Payment and to Honor All Funds Transfer Requests, sworn to on January 6, 2009; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the relief requested being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED** that the Motion is granted on the terms set forth herein; and it is further

**ORDERED** that to the extent consistent with the DIP Documents (as defined in the final order approving postpetition financing (the "Final DIP Order")), the Debtors are hereby authorized, but not required, to pay, in their sole discretion, all amounts required under or related to

- (a) Unpaid Wages, (b) Short-Term Incentive Obligations, (c) Other Employee Programs, and (d) Former Employee Contractor Obligations provided that the Debtors shall not pay any amounts related to Unpaid Wages, Short-Term Incentive Obligations, Other Employee Obligations or Former Employee Contractor Obligations in the aggregate to any Employee in excess of $10,950 without further Order of the Court;

- Withholding Obligations;

- Reimbursement Obligations; provided that subsequent to entry of this Order, the Debtors shall not pay Reimbursement Obligations in excess of $350,000 in the aggregate;

- Health and Welfare Plan Obligations, provided, that, such Health and Welfare Obligations shall not include Executive Health and Welfare Obligations;

- Workers' Compensation Obligations;

- Relocation Expenses and Expatriate Expenses;

- Vendor Contractor Obligations;

- Savings Plan Obligations;

- Administrative repayment of LTI Obligations, but solely to the extent that the Debtors receive the funds payable prior to making any such payments;

- Vacation Pay;

- Retention Obligations;

- Retirement Plan Obligations; provided that for the avoidance of doubt, this Order does not authorize the Debtors to keep the amounts related to the Deferral Plans protected from distribution to their creditors; and

- Non-Executive Severance Obligations

; and it is further

**ORDERED** that *<u>nothing in this Order shall authorize or require</u>* the Debtors *<u>to</u>* <s>shall not</s> pay or honor any Prepetition Employee Obligation to any Employee on account of an obligation that does not fall into one of the categories listed immediately preceding decretal paragraph if such Employee would thereby receive or could expect to receive payment in excess of the amount entitled to priority under section 507(a)(4) of the Bankruptcy Code without further order of the Court; and it is further

**ORDERED** that, notwithstanding anything herein to the contrary, the Debtors shall be authorized to pay any Employee that is employed in a foreign jurisdiction and subject to the employment laws of such foreign jurisdiction, such Employee's Unpaid Wages, Short-Term Incentive Obligations, Other Employee Programs and other ordinary course wages and benefits in excess of the amount entitled to priority under section 507(a)(4) of the Bankruptcy Code; <u>provided</u> that such amounts do not exceed $750,000 in the aggregate; and it is further

**ORDERED** that, notwithstanding anything herein to the contrary, the Debtors shall not be entitled to make any payments that do not comply with section 503(c) of the Bankruptcy Code; and it is further

**ORDERED** that the Debtors, in their discretion, may permit participants in the ESPP to participate in the Non-Executive Severance Plan; and it is further

**ORDERED** that the Debtors are entitled to continue their Non-Executive Severance Plan and pay postpetition Non-Executive Severance Plan Obligations; and it is further

**ORDERED** that the Debtors may, in the ordinary course, implement an STI for 2009; and it is further

**ORDERED** that nothing ~~herein~~ ***in this Order*** shall authorize ***or require*** the Debtors ***to make*** ~~or preclude them from making~~ payments on account of (i) the Management Incentive Plan Obligations (ii) amounts related to the Deferral Plans, (iii) SERP Obligations, (iv) amounts related to the AYCO Trust, (v) amounts related to the ESPP, or (vi) Executive Health and Welfare Obligations; and it is further

**ORDERED** that (i) the automatic stay is modified to allow Employees to proceed with claims under the Workers' Compensation Programs in the appropriate judicial or administrative forum and (ii) the notice requirements under Bankruptcy Rule 4001(d) with respect to clause (i) above are waived; and it is further

**ORDERED** that all of the Applicable Banks shall be, and hereby are, authorized, when requested by the Debtors in the Debtors' sole discretion but consistent with the orders of this Court, without any duty of inquiry or liability to any party for following such instructions, to receive, process, honor and pay any and all checks drawn on the Debtors' payroll or disbursement accounts and any other transfers that are related to Prepetition Employee Obligations and Employee Programs and the costs and expenses incident thereof, whether those checks were presented before or after the date of the commencement of these chapter 11 cases to the extent the Debtors have sufficient standing to their credit at such bank; and it is further

**ORDERED** that nothing in the Motion or this Order shall be deemed a request by the Debtors for authority to assume, and nothing in this Order shall be deemed authorization to assume, any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; and it is further

**ORDERED** that nothing in the Motion or this Order shall be construed as impairing the Debtors' right to contest the validity or amount of any Prepetition Employee Obligation, including payroll taxes that may be due to any taxing authority; and it is further

**ORDERED** that the Debtors shall provide to the statutory committee of unsecured creditors and the DIP Agents bi-weekly written reports of all payments made hereunder and reasonable and timely access to information sufficient to enable such parties to monitor payments made, obligations satisfied and other actions taken pursuant to this Order; and it is further

**ORDERED** that to the extent that there may be any inconsistency between the terms of the interim order approving postpetition financing (the "Interim DIP Order") or the Final DIP Order, if and when entered, and this Order, the terms of the Interim DIP Order or Final DIP Order, as applicable shall govern; and it is further

***ORDERED that this Order is without prejudice to the rights of any party in interest to seek or oppose any relief not authorized under this Order; and it is further***

**ORDERED** that this Order is effective immediately upon its entry.

Dated: New York, New York
***January 26, 2009***

                                                  ***s/ Robert E. Gerber***
                                                UNITED STATES BANKRUPTCY JUDGE