```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                        :
In re:                                  :
                                        :           Chapter 11
                                        :
LYONDELL CHEMICAL COMPANY, et al.,      :           Case No. 09-10023 (REG)
                                        :
                                        :           Jointly Administered
                 Debtors.               :
                                        :
------------------------------------------------------------x
```

# ORDER ESTABLISHING DEADLINE AND PROCEDURES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion dated April 3, 2009, (the "Motion") of Lyondell Chemical Company and certain of its subsidiaries and affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") pursuant to sections 105(a), 501, 502 and 1111(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 3002(c)(1), 3003(c)(3) and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and General Order M-350 of the United States Bankruptcy Court for the Southern District of New York, dated March 27, 2008, for entry of an order establishing the deadline and procedures for filing proofs of claim in the Debtors' chapter 11 cases and approving the form and manner of notice thereof, and all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no further notice need be provided; and the relief requested being in the best interest of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested

therein at the hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to January 6, 2009 (the "Petition Date"), shall file an original, written proof of such claim which substantially conforms to Exhibit A attached to the Motion (the "Proof of Claim Form"), which form is hereby approved, or Official Form No. 10, so as to be received on or before **June 15, 2009 at 5:00 p.m. (prevailing Eastern Time)** (the "Bar Date"); and it is further

ORDERED that the following procedures for the filing of proofs of claim shall apply:

a. proofs of claim must conform substantially with the Proof of Claim Form or Official Bankruptcy Form No. 10;

b. proofs of claim must be delivered either (i) by mailing such original proof of claim to: Lyondell Chemical Company, et al. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5013, New York, New York 10150-5013, or (ii) by messenger or overnight courier to: Lyondell Chemical Company, et al. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017 (together, the "Lyondell Chemical Company, et al. Claims Processing Center");

c. proofs of claim will be deemed timely filed only if **actually received** by the Lyondell Chemical Company, et al. Claims Processing Center on or before the Bar Date;

d. proofs of claim must (i) be signed by the individual to whom service of any papers relating to such claim shall be directed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in lawful currency of the United States (provided, however, that the

    Debtors reserve the right to convert a claim denominated in non-U.S. currency into U.S. currency using the applicable exchange rate as of the Petition Date, unless the Debtors deem another date more appropriate);

  e. Lyondell Chemical Company, et al. Claims Processing Center shall **not** accept proofs of claim sent by facsimile, telecopy or electronic mail; and

  f. proofs of claim must specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim must be filed with respect to each Debtor; and it is further

  ORDERED that the following persons or entities are **not** required to file a proof of claim on or before the Bar Date:

  a. any person or entity that has **already** properly filed, with the Lyondell Chemical Company, et al. Claims Processing Center, a proof of claim against all Debtors against which such person or entity has a claim utilizing a proof of claim form which substantially conforms to the Proof of Claim Form or Official Form No. 10;

  b. any person or entity (i) whose claim is listed on the Schedules (as defined in the Motion); (ii) whose claim is **not** described as "disputed," "contingent," or "unliquidated;" **and** (iii) who does not dispute the amount, nature or priority of the claim for such person or entity as set forth in the Schedules;

  c. any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date;

  d. any person or entity whose claim has already been paid in full by the Debtors;

  e. any holder of a claim for which a specific deadline to file a proof of claim has previously been fixed by this Court;

  f. any Debtor holding a claim against another Debtor or any of the non-debtor affiliates of the Debtors holding a claim against any of the Debtors;

  g. any person or entity that holds a claim allowable under sections 503, 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

  h. any current director, officer or employee of the Debtors, to the extent that such person's claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;

  i. any current employee of the Debtors, or any labor union authorized by law to represent any current employee, in each case solely with respect to any claim based on the payment of wages, salaries and vacation pay arising in the ordinary

course of business and previously authorized to be paid by order of the Court, including the first day wage order approved by the Court on January 26, 2009 (see Docket No. 420), provided, however, that if the Debtors provide written notice to any current employee stating that the Debtors do not intend to exercise their authority to pay such claim, such employee shall have until the later of either (i) the Bar Date; or (ii) thirty (30) calendar days from the date of service of such written notice, to file a proof of such claim; and

j. professionals whose retentions in these chapter 11 cases have been approved by the Court, to the extent that such person's claim against the Debtors is for postpetition amounts due; and it is further

ORDERED that pursuant to Bankruptcy Rule 3005, the last date and time by which guarantors, sureties, indorsers, and other co-debtors may file claims under section 501(b) of the Bankruptcy Code is July 15, 2009 at 5:00 p.m. (prevailing Eastern Time); and it is further

ORDERED that the last date for any person or entity asserting a claim arising from the recovery by the Debtors of a voidable transfer to file a proof of such claim against the Debtors is the later of either (i) the Bar Date, or (ii) the first business day that is at least thirty (30) calendar days after the entry of any order or judgment approving the avoidance of the transfer; and it is further

ORDERED that notwithstanding any other provision hereof, the last date and time by which "governmental units" (as defined in section 101(27) of the Bankruptcy Code) may file proofs of claim under section 502(b)(9) of the Bankruptcy Code against the Debtors is July 6, 2009 at 5:00 p.m. (prevailing Eastern Time); and it is further

ORDERED that any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (a "Debt Claim") on or under any agreements governing any syndicated credit facility or debt security issued by or for the benefit of the Debtors pursuant to an indenture (together, the "Debt Instruments") shall not be required to file a proof of such claim on or before the Bar Date if the administrative agent under the applicable credit facility or the indenture trustee under the applicable indenture (each, a "Debt

Representative") files a proof of claim against each Debtor, on or before the Bar Date, on account of all Debt Claims of such person or entity against such Debtor under the applicable Debt Instruments, provided, however, that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a proof of such claim on or before the Bar Date, unless another exception identified herein applies; and it is further

ORDERED that holders of the Debtors' equity securities do not need not to file a proof of such interest; provided, however, that if any such equity security holder asserts any rights as a creditor of any of the Debtors' estates, including a claim relating to such equity interest or the purchase or sale of such equity interest, a proof of such claim must be filed on or before the Bar Date pursuant to the procedures set forth in this Order; and it is further

ORDERED that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of such claim on or before the later of either (i) the Bar Date; (ii) the first business day that is at least thirty (30) calendar days after entry of the order authorizing the rejection of the respective executory contract or unexpired lease; or (iii) such date as this Court may fix in the applicable order authorizing such rejection; and it is further

ORDERED that any person or entity that holds a claim that arises under section 503(b)(9) of the Bankruptcy Code must file a proof of such claim on or before the Bar Date to the extent that such claim has not been paid; and it is further

ORDERED that all timely reclamation demands delivered in accordance with the procedures (the "Reclamation Procedures") established by this Court in its "Order Pursuant to Sections 105, 362, 503 and 546 of the Bankruptcy Code and Bankruptcy Rule 9019 (i) Establishing Procedures for Resolution and Payment of Reclamation Claims; and (ii) Granting

Related Relief" (see Docket No. 965), shall be deemed to satisfy the requirements set forth herein for filing a timely proof of claim in the Debtors' chapter 11 cases, but only with respect to the claims asserted pursuant to the Reclamation Procedures; provided, however, that any person or entity who failed to timely deliver a reclamation demand in accordance with the Reclamation Procedures shall not be entitled to file a proof of such reclamation claim and any person or entity who intends to assert a claim in excess of or in addition to the claim asserted in the reclamation demand shall be required to file a proof of claim by the Bar Date for such additional claim; and it is further

ORDERED that neither the Bar Date nor any other deadline established by this Order applies to requests for the payment of administrative expenses arising in these cases under sections 503, 507(a)(1), 330(a), 331, and 364 of the Bankruptcy Code (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code); and it is further

ORDERED that with regard to those holders of claims listed on the Schedules, the Debtors shall mail one or more Proof of Claim Form(s) (as appropriate) substantially similar to the Proof of Claim Form, indicating on each Proof of Claim Form how the Debtors have scheduled such creditor's claim in the Schedules (including the identity of the Debtor, the amount of the claim and whether the claim has been scheduled as contingent, unliquidated or disputed); and it is further

ORDERED that any person or entity who desires to rely on the Schedules will have the responsibility for determining that their claim is accurately listed in the Schedules; and it is further

ORDERED that notice of the entry of this Order and of the Bar Date in a form substantially similar to the notice attached to the Motion as Exhibit B (the "Bar Date Notice"), which Bar Date Notice is hereby approved in all respects, shall be deemed good, adequate and

sufficient notice if it is served by first-class mail at least thirty-five (35) days prior to the Bar Date upon:

    a.    the Office of the United States Trustee for the Southern District of New York;

    b.    counsel to each official committee appointed in the Debtors' chapter 11 cases;

    c.    all persons or entities that have requested notice of the proceedings in the Debtors' chapter 11 cases;

    d.    all persons or entities that have filed a proof of claim;

    e.    all creditors and other known holders of claims as of the date of entry of this Order, including all persons or entities listed on the Schedules at the addresses stated therein;

    f.    all parties to executory contracts and unexpired leases of the Debtors;

    g.    all parties to litigation with the Debtors;

    h.    the District Director of Internal Revenue for the Southern District of New York and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units;

    i.    all persons and entities listed on the Debtors' Master Service List (as defined in this Court's Order establishing notice procedures and a master service list, dated January 7, 2009 (see Docket No. 56)) as of the date of this Order; and

    j.    such additional persons and entities as deemed appropriate by the Debtors; and it is further

ORDERED that if the Debtors amend or supplement the Schedules subsequent to the date hereof but before service of the Bar Date Notice, then service of the personalized Proof of Claim Form attached to the Bar Date Notice shall be good and sufficient notice under Bankruptcy Rule 1009(a), and no other notice of amendment of the Schedules shall be required; and it is further

ORDERED that if the Debtors amend or supplement the Schedules subsequent to the passing of the Bar Date in a manner that (i) reduces the liquidated amount of a scheduled claim; (ii) reclassifies a scheduled, undisputed, liquidated, non-contingent claim as disputed,

unliquidated, or contingent; (iii) reduces the priority of a scheduled claim; or (iv) changes the Debtor against whom a claim was scheduled, and the affected claimant does not agree with such amendment, then the affected claimant who has not already filed a proof of claim in advance of the Bar Date with respect to such scheduled claim must file a proof of claim on the <u>later</u> of either (i) the first business day that is at least thirty (30) calendar days after the mailing of the notice of such amendment in accordance with Bankruptcy Rule 1009, or (ii) such other time as may be established by order of the Court in connection with a motion to amend the Schedules, but in each instance, only to the extent such proof of claim does not exceed the amount scheduled for such claim before the amendment; and it is further

ORDERED that if an amendment to the Schedules is made after the Bar Date that increases the scheduled amount of an undisputed, liquidated, non-contingent claim, the holder of such claim is not be entitled to file a proof of claim; and it is further

ORDERED that pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim against one or more of the Debtors who is required, but fails, to timely file a proof of such claim in appropriate form in accordance with the terms of this Order shall be forever barred, estopped and enjoined from asserting such claim against any of the Debtors (or filing a proof of claim with respect thereto), and the Debtors, their chapter 11 estates, their successors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these chapter 11 cases, or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim; and it is further

ORDERED that any holder of a claim against the Debtors that is guaranteed by a non-debtor affiliate or a claim against a non-debtor affiliate that is guaranteed by the Debtors

who fails to timely file a proof of claim in the Debtors' chapter 11 cases may be enjoined from seeking recovery from such affiliate and such claim may be discharged if the Debtors seek and successfully obtain such relief after the Bar Date; and it is further

ORDERED that pursuant to Bankruptcy Rule 2002(f), the Debtors shall publish the Bar Date Notice in a form substantially similar to the notice attached as Exhibit C to the Motion (the "Publication Notice"), which Publication Notice is hereby approved in all respects, in the publications listed on Exhibit D to the Motion on at least one occasion at least twenty (20) days prior to the Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Date; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Bar Date Motion is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in their chapter 11 cases; and it is further

ORDERED that the Debtors and their claims agent, Epiq Bankruptcy Solutions, LLC, are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims not subject to the Bar Date established herein must file such proofs of claim or be barred from doing so; and it is further

ORDERED that nothing in this Order shall prejudice the right of any party in interest to object to any proof of claim, whether filed or scheduled, on any grounds, or to dispute or assert offsets or defenses to any claims reflected on the Schedules or any amendments thereto,

as to amount, liability, classification or otherwise or to subsequently designate any claim as disputed, contingent, unliquidated or undetermined; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated: *April 16, 2009*
New York, New York

*S/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDGE