UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re: :
: Chapter 11
: 
LYONDELL CHEMICAL COMPANY, et al., : Case No. 09-10023
: 
: Jointly Administered
Debtors. :
: 
------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 327(a) AND 1107(b) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) AUTHORIZING THE EMPLOYMENT AND RETENTION OF McKINSEY & COMPANY, INC. UNITED STATES AS MANAGEMENT CONSULTANTS TO THE DEBTORS**

Upon the Application (the "Application") of Lyondell Chemical Company and certain of its subsidiaries and affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors" and each, a "Debtor"), for an order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving the employment and retention of McKinsey & Company, Inc. United States ("McKinsey US") as management consultants to the Debtors; and upon the affidavit of Thomas Hundertmark, sworn to on June 17, 2009 (the "Hundertmark Affidavit"), filed in support of the Application, and the Court being satisfied, based on the representations made in the Application and the Hundertmark Affidavit, that McKinsey US represents no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under section 327(a) of the Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334;

USActive 16904216.2

and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and it appearing that no other or further notice of the Application need be provided; and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their estates and all parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor; it is

**ORDERED** that the Application is granted as set forth herein; and it is further

**ORDERED** that, in accordance with section 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain McKinsey US as management consultants, on the terms set forth in the Hundertmark Affidavit and the Application, for the matters identified in the Application and in accordance with the fee arrangement between the Debtors and McKinsey US; and it is further

**ORDERED** that McKinsey US shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Court's "Order Granting Motion Establishing Procedures for Interim Compensation and Reimbursements of Expenses for Professionals and Committee Members" signed on January 23, 2009 [Docket No. 363]; and it is further

**ORDERED** that, notwithstanding anything contrary to the terms set forth above, the United States Trustee and the statutory committee of unsecured creditors retain all rights to object to McKinsey US's interim and final fee applications (including expense reimbursement)

on all grounds including but not limited to the reasonableness standard set forth in section 330 of the Bankruptcy Code; and it is further

**ORDERED** that all requests of McKinsey US for payment of indemnity pursuant to the Consulting Services Agreement Engagement Letters shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Consulting Services Agreement and Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, <u>provided</u>, <u>however</u>, that in no event shall McKinsey US be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct; and it is further

**ORDERED** that in no event shall McKinsey US be indemnified if the Debtor or a representative of the estate, asserts a claim for, and a court determines by final order that such claim arose out of, McKinsey US's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; and it is further

**ORDERED** that in the event that McKinsey US seeks reimbursement for attorneys' fees from the Debtors pursuant to the Consulting Services Agreement and Engagement Letter, the invoices and supporting time records from such attorneys shall be included in McKinsey US's own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of §§ 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under § 327

-4-

of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

**ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry. To the extent this Order is inconsistent with the Consulting Services Agreement, the engagement letter or the Application, this Order shall govern;

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
       *July 23, 2009*

                                        *s/ Robert E. Gerber*
                                        UNITED STATES BANKRUPTCY JUDGE