Deryck A. Palmer, Esq.
Andrew M. Troop, Esq.
George A. Davis, Esq.
Christopher R. Mirick, Esq.
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York  10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666

Attorneys for Lyondell Chemical Company, et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                              :

| | |
|---|---|
| **In re:**                              : | **Chapter 11** |
| **LYONDELL CHEMICAL COMPANY, et al.,**  : | **Case No. 09-10023 (REG)** |
|                               : | **Jointly Administered** |
|                     **Debtors.**    : | |

-----------------------------------------------------------x

### NOTICE OF FILING OF REVISED PROPOSED ORDER ESTABLISHING PROCEDURES FOR (I) OMNIBUS OBJECTIONS TO PROOFS OF CLAIM AND (II) COMPROMISING DISPUTED PROOFS OF CLAIM AND REVISED OBJECTION AND SETTLEMENT PROCEDURES

PLEASE TAKE NOTICE that, in connection with the hearing scheduled to be held on **August 11, 2009 at 9:45 a.m.** (prevailing Eastern time) before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, to consider the motion, dated July 29, 2009 of Lyondell Chemical Company and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), for an order establishing procedures for (i) omnibus objections to proofs of claim and (ii) compromising disputed proofs of claim (Docket No. 2368, the

"Motion"), the Debtors hereby submit a revised proposed order (the "Revised Proposed Order") in the form attached hereto as Exhibit A, along with the revised proposed objection and settlement procedures (the "Revised Objection and Settlement Procedures") in the form attached to the Revised Proposed Order as Exhibit A. The Revised Proposed Order and Revised Objection and Settlement Procedures reflect various changes from the forms of order and objection and settlement procedures submitted when the Motion was filed, based on input from and accommodations reached with various parties in interest. For ease of reference, a **blacklined** copy of the Revised Proposed Order and Revised Objection and Settlement Procedures showing all such changes is attached hereto as Exhibit B.

Dated:  New York, New York
          August 10, 2009

CADWALADER, WICKERSHAM & TAFT LLP

*/s/ Christopher R. Mirick*
Deryck A. Palmer, Esq.
Andrew M. Troop, Esq.
George A. Davis, Esq.
Christopher R. Mirick, Esq.
One World Financial Center
New York, New York  10281
Telephone:     (212) 504-6000
Facsimile:      (212) 504-6666
Deryck.Palmer@cwt.com
Andrew.Troop@cwt.com
George.Davis@cwt.com
Christopher.Mirick@cwt.com

*Attorneys for Lyondell Chemical Company, et al.*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                  :
**In re:**                                        :
                                                  :          **Chapter 11**
                                                  :
**LYONDELL CHEMICAL COMPANY, et al.,**  :          **Case No. 09-10023 (REG)**
                                                  :
                                                  :          **Jointly Administered**
                            **Debtors.**          :
                                                  :
-------------------------------------------------------------x

## ORDER ESTABLISHING PROCEDURES FOR (I) OMNIBUS OBJECTIONS TO PROOFS OF CLAIM AND (II) COMPROMISING DISPUTED PROOFS OF CLAIM

Upon the motion dated July 29, 2009 (the "Motion")[1] of Lyondell Chemical Company and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), pursuant to sections 105(a), 363(b) and 502(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1532 (as amended, the "Bankruptcy Code") and rules 2002(a), 3007, 9006, 9014 and 9019(a) of the Federal Rules of Bankruptcy Procedure, for entry of an order establishing procedures for omnibus objections to proofs of claim and compromising disputed proofs of claims filed in these chapter 11 cases, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no further notice of the Motion need be provided; and the relief being requested is in the best interests of the Debtors,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

their estates and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court on August 11, 2009 (the "Hearing"); and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is granted as provided herein; and it is further

**ORDERED** that all objections to the Motion not resolved are overruled; and it is further

**ORDERED** that the Objection Procedures set forth in the attached Exhibit A, including the form of Objection Notice, are hereby approved; and it is further

**ORDERED** that in addition to the grounds set forth in Bankruptcy Rule 3007(d), the Debtors may include in omnibus objections those claims that the Debtors believe should be disallowed, in whole or in part, because the Proofs of Claim: (a) do not include sufficient documentation to ascertain the validity of the claim; (b) were incorrectly filed as secured, administrative or priority claims; (c) seek recovery of amounts for which the Debtors are not liable; and (d) assert an amount that is inconsistent with the Debtors' books and records; and it is further

**ORDERED** that the Debtors may settle any disputed Proofs of Claim pursuant to the Settlement Procedures described in Exhibit A; and it is further

**ORDERED** that nothing in this Order or the Motion shall constitute an admission of the validity, nature, amount or priority of any claim against the Debtors, and the Debtors reserve their rights to dispute the validity, nature, amount or priority of any claim asserted; and it is further

**ORDERED** that nothing in this Order or the Motion shall constitute an assumption or rejection under section 365 of the Bankruptcy Code of any contract, lease or other agreement; and it is further

**ORDERED** that approval of the Objection Procedures and the Settlement Procedures by this Order is without prejudice to the Debtors' right to seek an order of the Court approving additional or different procedures with respect to specific Proofs of Claim or categories of Proofs of Claim, or to modify the Objection Procedures or the Settlement Procedures; and it is further

**ORDERED** that nothing in this Order or the Objection Procedures limits, expands, or modifies any party's rights, if any, with respect to discovery under Rule 9014 of the Federal Rules of Bankruptcy Procedure or other applicable rules in connection with an Objection Notice, Response or other contested matter or adversary proceeding in respect thereof; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

New York, New York
_____, 2009

_____
United States Bankruptcy Judge

## Exhibit A

## Objection and Settlement Procedures

## I.      Objection Procedures[1]

The following procedures apply to all objections to Proofs of Claim filed in the chapter 11 cases of the Debtors:

### A.      Tier I Objections.

1.      Tier I Objections – includes objections to Proofs of Claim that:

    (a)      Are duplicates of one or more other Proofs of Claim;

    (b)      Were filed in the wrong Debtor's case;

    (c)      Have been amended or superseded by later filed Proofs of Claim;

    (d)      Were not timely filed;

    (e)      Have been satisfied or released during the case in accordance with the Bankruptcy Code, applicable rules, or Court order;

    (f)      Were presented in a form that does not comply with the applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;

    (g)      Represent interests, rather than claims;

    (h)      Assert priority in an amount that exceeds the maximum amount under section 507 of the Bankruptcy Code;

    (i)      Do not include sufficient documentation to ascertain the validity of the claim;

    (j)      Were incorrectly filed as secured, administrative or priority claims;

    (k)      Seek recovery of amounts for which the Debtors are not liable; or

    (l)      Are inconsistent with the Debtors' books and records (collectively, the "Tier I Objections").

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2.    Tier I Objection Procedures.    The following procedures apply to Tier I Objections:

(a)    An exhibit will be attached to each Tier I Objection.  The exhibit will describe the pertinent information about the relief sought, including (i) the name of the Claimant asserting the Proof of Claim, (ii) the Proof of Claim number from the claims register or other information identifying the Proof of Claim, (iii) the name of the Debtor entity against which the Proof of Claim is asserted, (iv) the nature, priority and amount of the Proof of Claim, and (v) the proposed treatment of the Proof of Claim;[2]

(b)    Copies of the Proofs of Claim to which the Debtors are objecting will not be attached to the Tier I Objection.  **An objection notice (the "Objection Notice"), a form of which is appended as Exhibit B,** indicates that copies of the Proofs of Claim can be downloaded from the Debtors' Claims and Noticing Agent's website: http://chap11.epiqsystems.com, or may be requested from Lyondell Chemical Company, et al. Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, or by calling Epiq Bankruptcy Solutions, LLC at (646) 282-2400;[3]

(c)    The Objection Notice informs Claimants that their claims may be disallowed or expunged and encourages them to read the Tier I Objection carefully;[4]

(d)    The Objection Notice and Tier I Objection, **without copies of the Proofs of Claim**, will be served on the parties identified on the face (first page) of the Proof of Claim and the Master Service List.  The method of service for all parties served with a Tier I Objection shall be as set forth in the Case Management Order;

(e)    A timely response (a "Response") must be filed with the Court and received by the Debtors within fourteen (14) calendar days after

---

[2] Note that the surviving claim may also be subject to a Tier II Objection.

[3] The Debtors' Claims and Noticing Agent has developed a comprehensive web site containing information about the Proofs of Claim.  The site contains detailed information including the ability to download each Proof of Claim, information comparing the scheduled claim with the filed Proof of Claim and the date upon which each Proof of Claim was filed.  In addition, each Objection will instruct parties that they can call the Claims and Noticing Agent to obtain copies of particular claims.

[4] Although the Objection Notice will be in the form provided by Exhibit B, the Objection Notice will be specifically tailored to address each Claimant.

service of the Objection Notice and Tier I Objection (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)). The deadline to file a timely Response will be clearly set forth in the Objection Notice;

(f)    A hearing on a Tier I Objection will be scheduled to be conducted at one of the regularly scheduled omnibus hearing dates in the Debtors' cases that is no earlier than twenty-one (21) days after service of the Tier I Objection (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)) or, if no omnibus hearing date has been scheduled as of the date of service, the Debtors may request a special hearing date. The date of such hearing will be clearly stated in the Objection Notice. If Responses are timely filed and served and the Debtors determine that discovery is needed to address these Responses, the hearing may be converted into a status conference at which the Debtors may request that the Court enter a scheduling order to facilitate resolution of the objection. At the discretion of the Debtors and after notice to the affected Claimant, the hearing on a Tier I Objection may be adjourned to any subsequent omnibus hearing date in these cases;

(g)    If the Debtors determine that discovery is necessary in advance of a hearing on the matter, the Debtors will serve notice on the affected Claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissing or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice; and

(h)    At the hearing on each Tier I Objection, the Debtors may submit to the Court a form of order sustaining each Tier I Objection to which the Debtors do not receive a timely, written Response. The order may also identify those claims subject to the Tier I Objection that the Debtors and Claimant consensually resolved prior to the hearing.

3.    <u>Responses to Tier I Objections</u>.  Parties who disagree with the relief requested in a Tier I Objection are required to file a Response. Each such Response must contain, at a minimum, the following:

(a)    A caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the objection to which the Response is directed;

(b)    The name of the Claimant and description of the basis for the amount of the Proof of Claim;

(c)     A concise statement setting forth the reasons why the Court should not sustain the objection, including, but not limited to, the specific factual and legal bases upon which the Claimant relies in opposing the objection;

(d)     Any documentation or other evidence of the claim upon which the Claimant will rely in opposing the objection at the hearing, and whether the Claimant anticipates conducting any discovery;

(e)     A declaration of a person with personal knowledge of the relevant facts that support the Response, to the extent the Response makes factual allegations;

(f)     The name, address(es), telephone number and facsimile number of the person(s) (who may be the Claimant or the Claimant's legal representative) to whom counsel for the Debtors should serve any reply to the Response;

(g)     To facilitate a resolution of the objection, the Objection Notice encourages Claimants to furnish the Debtors with the name, address(es), telephone number and facsimile number of the person(s) (who may be the Claimant or the Claimant's legal representative) who possess the authority to reconcile, settle, or otherwise resolve the objection on the Claimant's behalf;

(h)     The Response must be served upon Debtors' counsel in a manner that ensures receipt thereof by Debtors' counsel no later than 4:00 p.m., prevailing Eastern Time, on or before fourteen (14) calendar days (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)) after the date of service of the objection, which deadline will be clearly set forth in the Debtors' Objection Notice;

(i)     To the extent that a Response is filed with respect to any claim dealt with in an objection, each such claim will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court with respect to a Tier I Objection shall be deemed a separate order with respect to each Proof of Claim;

(j)     The Debtors may file a reply to any Response to a Tier I Objection (including by submitting evidence in opposition to such Response and the related Proofs of Claim) no later than two (2) business days before a hearing on the Tier I Objection (unless a later date is agreed to by the holder of the Proof of Claim that is the subject of an objection); and

(k)     If a Claimant whose Proof of Claim is subject to a Tier I Objection, and who is properly served with the objection and Objection Notice, does not file and serve a timely Response in compliance with the foregoing procedures and attend the scheduled hearing on the

objection (in the absence of an agreement between the Claimant and the Debtors providing otherwise), the Court may sustain the Objection without further notice to the Claimant.

**B.**     **Tier II Objections.**

1.     Tier II Objections – includes substantive objections that are not based, in whole or in part, on one of the Tier I Objection grounds (collectively, the "Tier II Objections"). Tier II Objections are further divided into two sub-tiers, Tier II(A) and Tier II(B). Tier II(A) Objections consist of substantive objections that the Debtors contend raise only questions of law and may be resolved on their merits without additional fact discovery. Tier II(B) Objections consist of substantive objections that the Debtors have determined may require additional fact discovery. Nothing in the Objection Procedures limits, expands, or modifies any Claimant's otherwise existing rights, if any, with respect to discovery.

2.     Tier II Objection Procedures. The following procedures apply to Tier II Objections:

(a)     Each Tier II Objection will be accompanied by an Objection Notice and an affidavit, declaration or verification to support the basis of the objection;

(b)     Each Tier II Objection and associated Objection Notice, along with a copy of the Proofs of Claim that are the subject of the objection, will be served on (i) the Claimant at the address set forth on the face of the Proof of Claim and (ii) the Master Service List. Where a Proof of Claim is voluminous, the Debtors may serve only a copy of the Proof of Claim form or cover sheet;

(c)     The Objection Notice will set forth (i) the name of the Claimant asserting the Proof of Claim, (ii) the Proof of Claim number from the register or other information identifying the Proof of Claim, and (iii) a brief description of the basis of the objection. The Objection Notice will inform Claimants that their Proofs of Claim may be disallowed or expunged and encourages them to read the objection carefully. The Objection Notice will also include a description of, and instructions regarding, the applicable response and hearing procedures. The Objection Notice will provide contact information for a Debtor representative that affected Claimants may contact to discuss, and potentially resolve, the objection;

(d)     A timely Response must be filed with the Court and received by the Debtors no later than fourteen (14) calendar days (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)) after service of the Objection Notice and Tier II Objection.  The deadline to file a timely Response will be clearly set forth in the Objection Notice;

(e)     If no Response to a Tier II Objection is timely filed and served by the established deadline with respect to a particular Proof of Claim, the Debtors may submit a form of order sustaining the objection with respect to the Proof of Claim without any further hearing;

(f)     With respect to each Tier II(A) Objection, a hearing on a Tier II(A) Objection will be scheduled to be conducted at one of the regularly scheduled omnibus hearing dates in the Debtors' cases that is no earlier than twenty-one (21) days after service of the Tier II(A) Objection (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)) or, if no omnibus hearing date has been scheduled as of the date of service, the Debtors may request a special hearing date.  The date of such hearing will be clearly stated in the Objection Notice.  If timely Responses are filed and the Debtors determine that discovery is needed to address these Responses, the hearing may be converted into a status conference at which the Debtors may request that the Court enter a scheduling order to facilitate resolution of the objection.  At the discretion of the Debtors and after notice to the affected Claimant, the hearing on a Tier II(A) Objection may be adjourned to any subsequent omnibus hearing date in these cases;

(g)     The Debtors are permitted to file a reply to any Response to a Tier II(A) Objection (including by submitting evidence in opposition to such Response and the related Proofs of Claim) no later than two (2) business days before a hearing on the Tier II(A) Objection; and

(h)     With respect to each Tier II(B) Objection, an initial hearing will be scheduled to be conducted at one of the regularly scheduled omnibus hearing dates in the Debtors' cases that is no earlier than twenty-one calendar (21) days after service of the Tier II(B) Objection (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)) or, if no omnibus hearing date has been scheduled as of the date of service, the Debtors may request a special hearing date.  The initial hearing will be a status and scheduling conference (the "Initial Status Conference").

3.      <u>Responses to Tier II Objections</u>.      Parties who disagree with a Tier II Objection are required to file a Response.  Each such Response must contain, at a minimum, the following:

(a)      A caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the objection to which the Response is directed;

(b)      The name of the Claimant and description of the basis for the amount of the Proof of Claim;

(c)      A concise statement setting forth the reasons why the Court should not sustain the objection, including, but not limited to, the specific factual and legal bases upon which the Claimant relies in opposing the objection;

(d)      Any documentation or other evidence of the claim upon which the Claimant will rely in opposing the objection at the hearing, and whether the Claimant anticipates conducting any discovery;

(e)      A declaration of a person with personal knowledge of the relevant facts that support the Response, to the extent the Response makes factual allegations;

(f)      The name, address(es), telephone number and facsimile number of the person(s) (who may be the Claimant or the Claimant's legal representative) to whom counsel for the Debtors should serve any reply to the Response;

(g)      To facilitate a resolution of the objection, the Objection Notice encourages Claimants to furnish the Debtors with the name, address(es), telephone number and facsimile number of the person(s) (who may be the Claimant or the Claimant's legal representative) who possess the authority to reconcile, settle, or otherwise resolve the objection on the Claimant's behalf;

(h)      The Response must be served upon Debtors' counsel in a manner that ensures receipt thereof by Debtors' counsel no later than 4:00 p.m., prevailing Eastern Time, on or before fourteen (14) calendar days (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)) after the date of service of the objection, which deadline will be clearly set forth in the Debtors' Objection Notice;

(i)      To the extent that a Response is filed with respect to any claim dealt with in an objection, each such claim will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any

order entered by the Court with respect to a Tier II Objection shall be deemed a separate order with respect to each Proof of Claim;

(j)    If a Claimant whose Proof of Claim is subject to a Tier II Objection, and who is properly served with the objection and Objection Notice, does not file and serve a timely Response in compliance with the foregoing procedures <u>and</u> attend the scheduled hearing on the objection (in the absence of an agreement between the Claimant and the Debtors providing otherwise), the Court may sustain the objection without further notice to the Claimant;

(k)    Claimants filing a Response to a Tier II(B) Objection are required to meet and confer with the Debtors (either in person or telephonically) within ten (10) calendar days after filing the Response, but in any event, at least three (3) days prior to the Initial Status Conference, to discuss the preparation of an agreed scheduling order setting forth applicable discovery and briefing deadlines. If the parties reach agreement on a scheduling order, the agreed order will be presented to the Court for entry at the Initial Status Conference. If the parties are unable to reach agreement on a scheduling order, the parties may request that the Court enter a scheduling order at the Initial Status Conference; and

(l)    Claimants filing a Response to a Tier II(B) Objection are required to attend the Initial Status Conference even if the Claimant and the Debtors reach agreement on a scheduling order. If a Claimant subject to a Tier II(B) Objection fails to both comply with the meet <u>and</u> confer requirements and appear at the Initial Status Conference, the Claimant will be deemed to have waived its right to conduct any discovery or to present any evidence at the hearing on the Tier II(B) Objection that was not included with or identified in its Response or Proof of Claim.

## II.   <u>Settlement Procedures</u>

To promote an efficient claims resolution process, the Settlement Procedures establish the following categories of settlements and criteria for settling Proofs of Claim based on the amount of the Proof of Claim and other factors:

### A.   <u>Category 1 Settlements.</u>

Category 1 Settlements include any written agreement between the Debtors and a Claimant for (i) the disallowance of any Proof of Claim; (ii) the allowance of any Proof of Claim, or portion thereof, in any amount of up to $500,000, where no corresponding amount is listed for that

Proof of Claim in the Debtors' Schedules; or (iii) the allowance of any Proof of Claim, or portion thereof, in any amount of up to $500,000, provided that the amount allowed is no greater than $100,000 more than the amount listed for that Proof of Claim in the Debtors' Schedules (collectively, the "Category 1 Settlements"). Category 1 Settlements exclude any settlements that include any waiver by the Debtors of any claims or causes of action arising under chapter 5 of the Bankruptcy Code. The Debtors may enter into Category 1 Settlements without further order of the Court or prior notice to any party. The Debtors shall provide on a monthly basis to counsel for the Official Committee of Unsecured Creditors (the "Committee") a summary of all Category 1 Settlements the Debtors have entered into as of on or about the date of the summary then being provided.

      **B.**        **Category 2 Settlements**.

Category 2 Settlements include any written agreement between the Debtors and a Claimant for (i) the allowance of any Proof of Claim, or portion thereof, in any amount of up to $500,000, where the amount allowed is greater than $100,000 more than the amount listed for that Proof of Claim in the Debtors' Schedules, (ii) any waiver by the Debtors of any claims or causes of action arising under chapter 5 of the Bankruptcy Code (a "Chapter 5 Waiver"), or (iii) the allowance of any Proof of Claim, or portion thereof, in any amount greater than $500,000 but less than $20,000,000 (collectively, the "Category 2 Settlements").

Category 2 Settlements are subject to the following streamlined notice and objection procedures (the "Notice Procedures"). The Debtors shall provide written notice describing the basic terms of the proposed settlement and a copy of the proposed settlement to (i) counsel to the Official Committee of Unsecured Creditors (the "Committee"), (ii) counsel to the agents for the Debtors' post-petition financing facilities (the "DIP Agents") and (iii) counsel to the Ad Hoc Group of Senior Secured Lenders (collectively, the "Notice Parties"). If a proposed Category 2 Settlement provides

for a Chapter 5 Waiver the notice to the Notice Parties shall also set forth the basis for the Chapter 5 Waiver. The Notice Parties will have five (5) business days after the notice is sent to object to or request additional time to evaluate the proposed settlement. If no written objection or written request for additional time is received by the Debtors' counsel prior to the expiration of the five-day period, the Debtors may enter into the proposed settlement without need for further Court approval or notice to any party. If any Notice Party provides a written request to Debtors' counsel for additional time to evaluate the proposed settlement, the requesting Notice Party will have an additional five (5) business days to file and serve a formal written object to the proposed settlement. The Debtors may enter into a proposed settlement promptly upon obtaining approval of the Notice Parties. Objections that are not resolved may be presented to the Court for determination.

**C.** **Category 3 Settlements**.

Unless otherwise ordered by the Court, the Debtors will provide notice of any settlements that provide for an allowed claim in excess of $20,000,000 (collectively, the "Category 3 Settlements"). As permitted by Bankruptcy Rule 9006(c) and notwithstanding the terms of Bankruptcy Rule 2002(a), the Debtors will serve settlement stipulations allowing claims in excess of $20,000,000 on the Master Service List and file them on the docket of these cases for presentment on ten (10) calendar days' notice (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)). Objections that are not resolved may be presented to the Court for determination.

**D.** **Other Settlement Motions**.

Notwithstanding anything in the Settlement Procedures, the Debtors may file a motion to approve any settlement under section 502 of the Bankruptcy Code, Bankruptcy Rule 9019 and any other applicable provisions of the Bankruptcy Code or the Bankruptcy Rules. As permitted by Bankruptcy Rule 9006(c) and notwithstanding the terms of Bankruptcy Rule 2002(a), any

hearing on a settlement motion may be heard on ten (10) calendar days' notice (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)).

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                     :

**In re:**                               :

                               :          **Chapter 11**

                               :

**LYONDELL CHEMICAL COMPANY, et al.,**  :          **Case No. 09-10023 (REG)**

                               :

                               :          **Jointly Administered**

                      **Debtors.**     :

                               :
-------------------------------------------------------------x

**ORDER ESTABLISHING PROCEDURES FOR (I) OMNIBUS OBJECTIONS TO
PROOFS OF CLAIM AND (II) COMPROMISING DISPUTED PROOFS OF CLAIM**

                   Upon the motion dated July 29, 2009 (the "<u>Motion</u>")[1] of Lyondell

Chemical Company and certain of its affiliates, as debtors and debtors-in-possession in the

above-captioned cases (collectively, the "<u>Debtors</u>"), pursuant to sections 105(a), 363(b) and

502(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1532 (as amended, the

"<u>Bankruptcy Code</u>") and rules 2002(a), 3007, 9006, 9014 and 9019(a) of the Federal Rules of

Bankruptcy Procedure, for entry of an order establishing procedures for omnibus objections to

proofs of claim and compromising disputed proofs of claims filed in these chapter 11 cases, all

as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion

and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided; and it appearing that no further notice of the

Motion need be provided; and the relief being requested is in the best interests of the Debtors,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

their estates and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court on [ ], 2009 (the "<u>Hearing</u>"); and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is granted as provided herein; and it is further

**ORDERED** that all objections to the Motion not resolved are overruled; and it is further

**ORDERED** that the Objection Procedures set forth in the attached <u>Exhibit A</u>, including the form of Objection Notice, are hereby approved; and it is further

**ORDERED** that in addition to the grounds set forth in Bankruptcy Rule 3007(d), the Debtors may include in omnibus objections those claims that the Debtors believe should be disallowed, in whole or in part, because the Proofs of Claim: (a) do not include sufficient documentation to ascertain the validity of the claim; (b) were incorrectly filed as secured, administrative or priority claims; (c) seek recovery of amounts for which the Debtors are not liable; and (d) assert an amount that is inconsistent with the Debtors' books and records.; and it is further

**ORDERED** that the Debtors may settle any disputed Proofs of Claim pursuant to the Settlement Procedures described in <u>Exhibit A</u>; and it is further

**ORDERED** that nothing in this Order or the Motion shall constitute an admission of the validity, nature, amount or priority of any claim against the Debtors, and the Debtors reserve their rights to dispute the validity, nature, amount or priority of any claim asserted; and it is further

**ORDERED** that nothing in this Order or the Motion shall constitute an assumption or rejection under section 365 of the Bankruptcy Code of any contract, lease or other agreement; and it is further

**ORDERED** that approval of the Objection Procedures and the Settlement Procedures by this Order is without prejudice to the Debtors' right to seek an order of the Court approving additional or different procedures with respect to specific Proofs of Claim or categories of Proofs of Claim, or to modify the Objection Procedures or the Settlement Procedures; and it is further

**ORDERED** that nothing in this Order or the Objection Procedures limits, expands, or modifies any party's rights, if any, with respect to discovery under Rule 9014 of the Federal Rules of Bankruptcy Procedure or other applicable rules in connection with an Objection Notice, Response or other contested matter or adversary proceeding in respect thereof; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

New York, New York
_____, 2009

_____
United States Bankruptcy Judge

**Exhibit A**

**Objection and Settlement Procedures**

## I. Objection Procedures[1]

The following procedures apply to all objections to Proofs of Claim filed in the chapter 11 cases of the Debtors:

### A. Tier I Objections.

1.  Tier I Objections – includes objections to Proofs of Claim that:

(a)  Are duplicates of one or more other Proofs of Claim;

(b)  Were filed in the wrong Debtor's case;

(c)  Have been amended or superseded by later filed Proofs of Claim;

(d)  Were not timely filed;

(e)  Have been satisfied or released during the case in accordance with the Bankruptcy Code, applicable rules, or Court order;

(f)  Were presented in a form that does not comply with the applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;

(g)  Represent interests, rather than claims;

(h)  Assert priority in an amount that exceeds the maximum amount under section 507 of the Bankruptcy Code;

(i)  Do not include sufficient documentation to ascertain the validity of the claim;

(j)  Were incorrectly filed as secured, administrative or priority claims;

(k)  Seek recovery of amounts for which the Debtors are not liable; or

(l)  Are inconsistent with the Debtors' books and records (collectively, the "Tier I Objections").

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2.      Tier I Objection Procedures.  The following procedures apply

to Tier I Objections:

(a)      An exhibit will be attached to each Tier I Objection.  The exhibit will describe the pertinent information about the relief sought, including (i) the name of the Claimant asserting the Proof of Claim, (ii) the Proof of Claim number from the claims register or other information identifying the Proof of Claim, (iii) the name of the Debtor entity against which the Proof of Claim is asserted, (iv) the nature, priority and amount of the Proof of Claim, and (v) the proposed treatment of the Proof of Claim;[2]

(b)      Copies of the Proofs of Claim to which the Debtors are objecting will not be attached to the Tier I Objection.  **An objection notice (the "Objection Notice"), a form of which is appended as Exhibit B,** indicates that copies of the Proofs of Claim can be downloaded from the Debtors' Claims and Noticing Agent's website: http://chap11.epiqsystems.com, or may be requested from Lyondell Chemical Company, et al. Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, or by calling Epiq Bankruptcy Solutions, LLC at (646) 282-2400;[3]

(c)      The Objection Notice informs Claimants that their claims may be disallowed or expunged and encourages them to read the Tier I Objection carefully;[4]

(d)      The Objection Notice and Tier I Objection, **without copies of the Proofs of Claim**, will be served on the parties identified on the face (first page) of the Proof of Claim and the Master Service List.  The method of service for all parties served with a Tier I Objection shall be as set forth in the Case Management Order;

---

[2] Note that the surviving claim may also be subject to a Tier II Objection.

[3] The Debtors' Claims and Noticing Agent has developed a comprehensive web site containing information about the Proofs of Claim.  The site contains detailed information including the ability to download each Proof of Claim, information comparing the scheduled claim with the filed Proof of Claim and the date upon which each Proof of Claim was filed.  In addition, each Objection will instruct parties that they can call the Claims and Noticing Agent to obtain copies of particular claims.

[4] Although the Objection Notice will be in the form provided by Exhibit B, the Objection Notice will be specifically tailored to address each Claimant.

(e)     A timely response (a "<u>Response</u>") must be filed with the Court and received by the Debtors within fourteen (14) calendar days after service of the Objection Notice and Tier I Objection (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)). The deadline to file a timely Response will be clearly set forth in the Objection Notice;

(f)     A hearing on a Tier I Objection will be scheduled to be conducted at one of the regularly scheduled omnibus hearing dates in the Debtors' cases that is no earlier than twenty-one (21) days after service of the Tier I Objection (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)) or, if no omnibus hearing date has been scheduled as of the date of service, the Debtors may request a special hearing date. The date of such hearing will be clearly stated in the Objection Notice. If Responses are timely filed and served and the Debtors determine that discovery is needed to address these Responses, the hearing may be converted into a status conference at which the Debtors may request that the Court enter a scheduling order to facilitate resolution of the objection. At the discretion of the Debtors and after notice to the affected Claimant, the hearing on a Tier I Objection may be adjourned to any subsequent omnibus hearing date in these cases;

(g)     If the Debtors determine that discovery is necessary in advance of a hearing on the matter, the Debtors will serve notice on the affected Claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissing or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice; and

(h)     At the hearing on each Tier I Objection, the Debtors may submit to the Court a form of order sustaining each Tier I Objection to which the Debtors do not receive a timely, written Response. The order may also identify those claims subject to the Tier I Objection that the Debtors and Claimant consensually resolved prior to the hearing.

3.     <u>Responses to Tier I Objections</u>. Parties who disagree with the relief requested in a Tier I Objection are required to file a Response. Each such Response must contain, at a minimum, the following:

(a)     A caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the objection to which the Response is directed;

(b) The name of the Claimant and description of the basis for the amount of the Proof of Claim;

(c) A concise statement setting forth the reasons why the Court should not sustain the objection, including, but not limited to, the specific factual and legal bases upon which the Claimant relies in opposing the objection;

(d) Any documentation or other evidence of the claim upon which the Claimant will rely in opposing the objection at the hearing, and whether the Claimant anticipates conducting any discovery;

(e) A declaration of a person with personal knowledge of the relevant facts that support the Response, to the extent the Response makes factual allegations;

(f) The name, address(es), telephone number and facsimile number of the person(s) (who may be the Claimant or the Claimant's legal representative) to whom counsel for the Debtors should serve any reply to the Response;

(g) To facilitate a resolution of the objection, the Objection Notice encourages Claimants to furnish the Debtors with the name, address(es), telephone number and facsimile number of the person(s) (who may be the Claimant or the Claimant's legal representative) who possess the authority to reconcile, settle, or otherwise resolve the objection on the Claimant's behalf;

(h) The Response must be served upon Debtors' counsel in a manner that ensures receipt thereof by Debtors' counsel no later than 4:00 p.m., prevailing Eastern Time, on or before fourteen (14) calendar days (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)) after the date of service of the objection, which deadline will be clearly set forth in the Debtors' Objection Notice;

(i) To the extent that a Response is filed with respect to any claim dealt with in an objection, each such claim will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court with respect to a Tier I Objection shall be deemed a separate order with respect to each Proof of Claim;

(j) The Debtors may file a reply to any Response to a Tier I Objection (including by submitting evidence in opposition to such Response and the related Proofs of Claim) no later than two (2) business days before a hearing on the Tier I Objection (unless a later date is agreed to by the holder of the Proof of Claim that is the subject of an objection); and

(k)    If a Claimant whose Proof of Claim is subject to a Tier I Objection, and who is properly served with the objection and Objection Notice, does not file and serve a timely Response in compliance with the foregoing procedures <u>and</u> attend the scheduled hearing on the objection (in the absence of an agreement between the Claimant and the Debtors providing otherwise), the Court may sustain the Objection without further notice to the Claimant.

## B.    <u>Tier II Objections.</u>

1.    <u>Tier II Objections</u> – includes substantive objections that are not based, in whole or in part, on one of the Tier I Objection grounds (collectively, the "<u>Tier II Objections</u>").  Tier II Objections are further divided into two sub-tiers, Tier II(A) and Tier II(B).  Tier II(A) Objections consist of substantive objections that the Debtors contend raise only questions of law and may be resolved on their merits without additional fact discovery.  Tier II(B) Objections consist of substantive objections that the Debtors have determined may require additional fact discovery.  Nothing in the Objection Procedures limits, expands, or modifies any Claimant's otherwise existing rights, if any, with respect to discovery.

2.    <u>Tier II Objection Procedures</u>.  The following procedures apply to Tier II Objections:

(a)    Each Tier II Objection will be accompanied by an Objection Notice and an affidavit, declaration or verification to support the basis of the objection;

(b)    Each Tier II Objection and associated Objection Notice, along with a copy of the Proofs of Claim that are the subject of the objection, will be served on (i) the Claimant at the address set forth on the face of the Proof of Claim and (ii) the Master Service List.  Where a Proof of Claim is voluminous, the Debtors may serve only a copy of the Proof of Claim form or cover sheet;

(c)    The Objection Notice will set forth (i) the name of the Claimant asserting the Proof of Claim, (ii) the Proof of Claim number from the register or other information identifying the Proof of Claim, and (iii) a brief description of the basis of the objection.  The Objection Notice will inform Claimants that their Proofs of Claim may be disallowed or expunged and encourages them to read the objection carefully.  The Objection Notice will also include a description of, and instructions regarding, the applicable response and hearing procedures.  The

Objection Notice will provide contact information for a Debtor representative that affected Claimants may contact to discuss, and potentially resolve, the objection;

(d) A timely Response must be filed with the Court and received by the Debtors no later than fourteen (14) calendar days (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)) after service of the Objection Notice and Tier II Objection. The deadline to file a timely Response will be clearly set forth in the Objection Notice;

(e) If no Response to a Tier II Objection is timely filed and served by the established deadline with respect to a particular Proof of Claim, the Debtors may submit a form of order sustaining the objection with respect to the Proof of Claim without any further hearing;

(f) With respect to each Tier II(A) Objection, a hearing on a Tier II(A) Objection will be scheduled to be conducted at one of the regularly scheduled omnibus hearing dates in the Debtors' cases that is no earlier than twenty-one (21) days after service of the Tier II(A) Objection (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)) or, if no omnibus hearing date has been scheduled as of the date of service, the Debtors may request a special hearing date. The date of such hearing will be clearly stated in the Objection Notice. If timely Responses are filed and the Debtors determine that discovery is needed to address these Responses, the hearing may be converted into a status conference at which the Debtors may request that the Court enter a scheduling order to facilitate resolution of the objection. At the discretion of the Debtors and after notice to the affected Claimant, the hearing on a Tier II(A) Objection may be adjourned to any subsequent omnibus hearing date in these cases;

(g) The Debtors are permitted to file a reply to any Response to a Tier II(A) Objection (including by submitting evidence in opposition to such Response and the related Proofs of Claim) no later than two (2) business days before a hearing on the Tier II(A) Objection; and

(h) With respect to each Tier II(B) Objection, an initial hearing will be scheduled to be conducted at one of the regularly scheduled omnibus hearing dates in the Debtors' cases that is no earlier than twenty-one calendar (21) days after service of the Tier II(B) Objection (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)) or, if no omnibus hearing date has been scheduled as of the date of service, the Debtors may request a special hearing date. The initial hearing will be a status and scheduling conference (the "Initial Status Conference").

3. <u>Responses to Tier II Objections</u>.  Parties who disagree with a Tier II Objection are required to file a Response.  Each such Response must contain, at a minimum, the following:

(a)    A caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the objection to which the Response is directed;

(b)    The name of the Claimant and description of the basis for the amount of the Proof of Claim;

(c)    A concise statement setting forth the reasons why the Court should not sustain the objection, including, but not limited to, the specific factual and legal bases upon which the Claimant relies in opposing the objection;

(d)    Any documentation or other evidence of the claim upon which the Claimant will rely in opposing the objection at the hearing, and whether the Claimant anticipates conducting any discovery;

(e)    A declaration of a person with personal knowledge of the relevant facts that support the Response, to the extent the Response makes factual allegations;

(f)    The name, address(es), telephone number and facsimile number of the person(s) (who may be the Claimant or the Claimant's legal representative) to whom counsel for the Debtors should serve any reply to the Response;

(g)    To facilitate a resolution of the objection, the Objection Notice encourages Claimants to furnish the Debtors with the name, address(es), telephone number and facsimile number of the person(s) (who may be the Claimant or the Claimant's legal representative) who possess the authority to reconcile, settle, or otherwise resolve the objection on the Claimant's behalf;

(h)    The Response must be served upon Debtors' counsel in a manner that ensures receipt thereof by Debtors' counsel no later than 4:00 p.m., prevailing Eastern Time, on or before fourteen (14) calendar days (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)) after the date of service of the objection, which deadline will be clearly set forth in the Debtors' Objection Notice;

(i)    To the extent that a Response is filed with respect to any claim dealt with in an objection, each such claim will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any

order entered by the Court with respect to a Tier II Objection shall be deemed a separate order with respect to each Proof of Claim;

(j)    If a Claimant whose Proof of Claim is subject to a Tier II Objection, and who is properly served with the objection and Objection Notice, does not file and serve a timely Response in compliance with the foregoing procedures <u>and</u> attend the scheduled hearing on the objection (in the absence of an agreement between the Claimant and the Debtors providing otherwise), the Court may sustain the objection without further notice to the Claimant;

(k)    Claimants filing a Response to a Tier II(B) Objection are required to meet and confer with the Debtors (either in person or telephonically) within ten (10) calendar days after filing the Response, but in any event, at least three (3) days prior to the Initial Status Conference, to discuss the preparation of an agreed scheduling order setting forth applicable discovery and briefing deadlines. If the parties reach agreement on a scheduling order, the agreed order will be presented to the Court for entry at the Initial Status Conference. If the parties are unable to reach agreement on a scheduling order, the parties may request that the Court enter a scheduling order at the Initial Status Conference; and

(l)    Claimants filing a Response to a Tier II(B) Objection are required to attend the Initial Status Conference even if the Claimant and the Debtors reach agreement on a scheduling order. If a Claimant subject to a Tier II(B) Objection fails to both comply with the meet <u>and</u> confer requirements and appear at the Initial Status Conference, the Claimant will be deemed to have waived its right to conduct any discovery or to present any evidence at the hearing on the Tier II(B) Objection that was not included with or identified in its Response or Proof of Claim.

## II.    <u>Settlement Procedures</u>

To promote an efficient claims resolution process, the Settlement Procedures establish the following categories of settlements and criteria for settling Proofs of Claim based on the amount of the Proof of Claim and other factors:

### A.    <u>Category 1 Settlements.</u>

~~1.~~ Category 1 Settlements include <u>any written agreement between the Debtors and a Claimant for</u> (i) the disallowance of any Proof of Claim; (ii) the allowance of any Proof of Claim, or portion thereof, in ~~an~~<u>any</u> amount of up to $~~10,000,000;~~

and500,000, where no corresponding amount is listed for that Proof of Claim in the Debtors' Schedules; or (iii) the allowance of any Proof of Claim, or portion thereof, in any amount ~~greater than $10,000,000 but less than $20,000,000 if~~of up to $500,000, provided that the amount allowed is no greater than ~~15%~~$100,000 more than the ~~undisputed, liquidated, non-contingent~~ amount listed for that Proof of Claim in the Debtors' Schedules (collectively, the "Category 1 Settlements"). Category 1 Settlements exclude any settlements that include any waiver by the Debtors of any claims or causes of action arising under chapter 5 of the Bankruptcy Code. The Debtors may enter into Category 1 Settlements without further order of the Court or ~~notice to any party.~~ prior notice to any party. The Debtors shall provide on a monthly basis to counsel for the Official Committee of Unsecured Creditors (the "Committee") a summary of all Category 1 Settlements the Debtors have entered into as of on or about the date of the summary then being provided.

     **B.**     **Category 2 Settlements**.

     ~~1.     The Debtors may resolve any Proof of Claim that does not fall within the parameters for a Category 1 Settlement and provides for an allowed claim in an amount of $20,000,000 or less~~Category 2 Settlements include any written agreement between the Debtors and a Claimant for (i) the allowance of any Proof of Claim, or portion thereof, in any amount of up to $500,000, where the amount allowed is greater than $100,000 more than the amount listed for that Proof of Claim in the Debtors' Schedules, (ii) any waiver by the Debtors of any claims or causes of action arising under chapter 5 of the Bankruptcy Code (a "Chapter 5 Waiver"), or (iii) the allowance of any Proof of Claim, or portion thereof, in any amount greater than $500,000 but less than $20,000,000 (collectively, the "Category 2 Settlements") ~~under~~.

     Category 2 Settlements are subject to the following streamlined notice and objection procedures (the "Notice Procedures"). ~~Under the Notice Procedures, the~~The Debtors ~~will~~shall provide written notice describing the basic terms of the proposed settlement and a copy of the

proposed settlement to (i) counsel to the Official Committee of Unsecured Creditors (the "Committee"), (ii) counsel to the agents for the Debtors' post-petition financing facilities (the "DIP Agents") and (iii) counsel to the Ad Hoc Group of Senior Secured Lenders (collectively, the "Notice Parties"). If a proposed Category 2 Settlement provides for a Chapter 5 Waiver the notice to the Notice Parties shall also set forth the basis for the Chapter 5 Waiver. The Notice Parties will have five (5) business days after the notice is sent to object to or request additional time to evaluate the proposed settlement. If no written objection or written request for additional time is received by the Debtors' counsel prior to the expiration of the five-day period, the Debtors may enter into the proposed settlement without need for further Court approval or notice to any party. If any Notice Party provides a written request to Debtors' counsel for additional time to evaluate the proposed settlement, the requesting Notice Party will have an additional five (5) business days to file and serve a formal written object to the proposed settlement. The Debtors may enter into a proposed settlement promptly upon obtaining approval of the Notice Parties. Objections that are not resolved may be presented to the Court for determination.

      **C.**    <u>**Category 3 Settlements**</u>.

          ~~1.~~ Unless otherwise ordered by the Court, the Debtors will provide notice of any settlements that provide for an allowed claim in excess of $20,000,000 (collectively, the "<u>Category 3 Settlements</u>"). As permitted by Bankruptcy Rule 9006(c) and notwithstanding the terms of Bankruptcy Rule 2002(a), the Debtors will serve settlement stipulations allowing claims in excess of $20,000,000 on the Master Service List and file them on the docket of these cases for presentment on ten (10) calendar days' notice (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)). Objections that are not resolved may be presented to the Court for determination.

      **D.**    <u>**Other Settlement Motions**</u>.

1.    Notwithstanding anything in the Settlement Procedures, the Debtors may file a motion to approve any settlement under section 502 of the Bankruptcy Code, Bankruptcy Rule 9019 and any other applicable provisions of the Bankruptcy Code or the Bankruptcy Rules.  As permitted by Bankruptcy Rule 9006(c) and notwithstanding the terms of Bankruptcy Rule 2002(a), any hearing on a settlement motion may be heard on ten (10) calendar days' notice (inclusive of the three additional days provided under Bankruptcy Rule 9006(f)).