UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| In re: | Chapter 11 |
| LYONDELL CHEMICAL COMPANY, *et al.*, | Case No. 09-10023 (REG) |
| Debtors. | Jointly Administered |

MEMORANDUM REGARDING DEBTORS'
MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE TERMINATION OF
<u>CERTAIN EXECUTIVE BENEFITS</u>

BEFORE:   ROBERT E. GERBER
          UNITED STATES BANKRUPTCY JUDGE

In this contested matter under the umbrella of the jointly administered chapter 11 cases of Lyondell Chemical Company and certain of its subsidiaries and affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), the Debtors move (the "**Motion**") for entry of an order confirming the Debtors' authority to terminate certain executive benefit plans and programs (the "**Plans**").  At the hearing on the Motion, I granted the relief requested with respect to the affected executives who did not object and those who did object but who did not appear before the Court (the "**Order**").  I took the Motion under advisement with respect to people whose objections were raised at the hearing (the "**Objectors**") to give me enough time to satisfy my understanding that there's nothing in the Objectors' agreements that takes them out of the general rule.  I also provided the Objectors an opportunity to submit to the Court any additional agreements or other papers (the "**Supplemental Agreements**") that they believed necessitated carving them out from the Order.

1

The Court has since reviewed all Supplemental Agreements submitted by the Objectors and the Debtors and finds that none provide a basis for carving out any of the Objectors from the Order.  At most, the Supplemental Agreements provide additional benefits to certain of the Objectors above and beyond the benefits provided in the Plans.  Although the Debtors may be limited in their ability to amend or terminate certain of the Supplemental Agreements according to the terms thereof,[1] such limitations do not necessitate carving out counterparties to such Supplemental Agreements from the Order because, among other reasons, such Supplemental Agreements do not provide for the types of benefits articulated in Bankruptcy Code § 1114.  The remaining Supplemental Agreements do not include any language that could limit the Debtors' contractual right to terminate or modify the Plans.  On the contrary, many of the Supplemental Agreements expressly reserve the Debtors' right to modify or amend the Plans.[2]  Accordingly, there is no reason to carve out the Objectors from the Order.

The Debtors are to settle an order in accordance with the foregoing.

Dated: New York, New York          *s/Robert E. Gerber*
       *October 27, 2009*          United States Bankruptcy Judge

---

[1] The Supplemental Pension Agreement between Bassell North America Inc. and Randy G. Woelfel dated July 14, 2005 is illustrative. It provides that: "The Board [of Directors of Basell North America Inc.] may amend the Agreement at any time; provided, however, that no amendment shall reduce the amount of the benefit for which the Employee has a non-forfeitable interest at the time of such amendment or, except as provided in Section 8.2(b) hereof, accelerate the distribution hereunder" and that: "The Board [of Directors of Basell North America Inc.] may at any time terminate this Agreement provided that: (a) no such termination shall reduce the amount of the benefit for which the Employee has a non-forfeitable interest at such time…"

[2] For example, the Settlement Agreement and Release between Randy Woelfel and Basell USA Inc. provides in part: "You will be eligible, effective April 1, 2010, to receive an unreduced pension benefit under the SPA and participate in the Basell USA Inc. retiree medical and retiree life insurance ($5,000) plans thereafter to the extent and on the terms those plans may be offered at such time to retirees of Basell USA Inc. generally, subject to such amendments as may be made to such plans from time to time in the sole discretion of Basell USA Inc."

2