UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:  )  Chapter 11
 )
LYONDELL CHEMICAL COMPANY, et al.,  )  Case No. 09-10023 (REG)
 )
Debtors.  )  Jointly Administered
 )

COVER SHEET

FIRST APPLICATION OF MCKINSEY & COMPANY INC. UNITED STATES
FOR (i) ALLOWANCE OF INTERIM COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED AND
(ii) REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FOR THE PERIOD MAY 1, 2009 THROUGH AUGUST 31, 2009

| | | |
|---|---|---|
| **Total Sought for Compensation and Expenses in Second Interim Period:** | $2,309,732.40 | *PARTY IN INTEREST* |
| Fees Earned in Second Interim Period: | $2,008,462.96 | MCKINSEY & COMPANY INC. UNITED STATES |
| Expenses Billed in Second Interim Period: | $301,269.44 | 75 Park Plaza |
| Fees Paid for Second Interim Period | $1,606,770.37 | Boston, MA 02116 |
| Amount of Holdback Release Sought: | $401,692.59 | |
| Interim Fee(s) Previously Awarded: | $.00 | (617) 753-2001 (tel) |
| Interim Fee(s) Previously Sought: | $.00 | (617) 753-2099 (fax) |
| Interim Expenses Previously Awarded: | $.00 | |
| Interim Expenses Previously Sought: | $.00 | |

| Professional | Title | Hours |
|---|---|---|
| Thomas Seitz | Senior Partner | 210 |
| Thomas Hundertmark | Partner | 360 |
| David Hindman | Associate Partner | 662 |
| Rajeev Rao | Engagement Manager | 1060 |
| Joel Conkling | Associate | 585.5 |
| Ashish Modi | Associate | 1046 |
| Marc Bhagava | Business Analyst | 384 |

NYA 611994.1 311530 000004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
|  | ) |  |
| **LYONDELL CHEMICAL COMPANY, et al.,** | ) | **Case No. 09-10023 (REG)** |
|  | ) |  |
| **Debtors.** | ) | **Jointly Administered** |
|  | ) |  |

# FIRST APPLICATION OF MCKINSEY & COMPANY INC. UNITED STATES FOR (i) ALLOWANCE OF INTERIM COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND (ii) REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD MAY 1, 2009 THROUGH AUGUST 31, 2009

McKinsey & Company Inc. United States ("McKinsey US"), management consultants to Lyondell Chemical Company and its affiliated companies (collectively, the "Debtors"), respectfully submits this first application (the "Application"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for allowance of interim compensation for professional services rendered by McKinsey US for the period commencing May 1, 2009 through and including August 31, 2009 (the "Compensation Period"),[1] and for reimbursement of its actual and necessary expenses incurred in connection with such services during the Compensation Period. In support of this Application, McKinsey US respectfully represents:

---

[1] Pursuant to agreements approved by this Court, McKinsey US provides periodic invoices to the Debtors. The billing periods applied in the invoices do not precisely coincide with the Compensation Period. As a result, the amounts requested herein are pro rated to reflect only that portion of McKinsey US's services rendered during the Compensation Period.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

1. This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Bankruptcy Court for the Douthern District of New York (the "Court") on April 19, 1995 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and the Amended Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members entered by this Court on September 24, 2009 (the "Interim Compensation Order," and, collectively with the Local Guidelines and the UST Guidelines, the "Guidelines"). In accordance with the Guidelines, a certification regarding compliance with same is attached hereto as Exhibit A.

2. McKinsey US seeks allowance of interim compensation for professional services rendered to the Debtors during the Compensation Period in the aggregate amount of $2,008,462.96 and for reimbursement of expenses incurred in connection with such services in the aggregate amount of $301,269.44. During the Compensation Period, McKinsey US management consultants worked a total of 4,307.5 hours for which compensation is requested.

3. In accordance with the Order Pursuant to Sections 327(a) and 1107(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014(a) Authorizing the Employment and Retention of McKinsey & Company, Inc. United States as Management Consultants to the Debtors, dated as of July 23, 2009, and the Order Granting the Application of the Debtors, Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, to Expand the Scope of McKinsey & Company, Inc.

2

United States as Management Consultants to the Debtors, dated as of September 24, 2009 (the "Retention Orders"), McKinsey US has provided to the Debtors, counsel to the Debtors, counsel to the official committee of unsecured creditors, and the United States Trustee periodic fee statements for professional services rendered and expenses incurred by McKinsey US on behalf of the Debtors, along with summary time records. In accordance with the Interim Compensation Order, McKinsey US has requested, and received, payment of 80% of its fees for professional services rendered and 100% of expenses incurred during the Compensation Period, in the aggregate amount of $1,908,039.81. By this Application, McKinsey US requests approval of its total fees and expenses incurred during the Compensation Period, and payment of the 20% of fees held back during the Compensation Period.

4. During the Compensation Period, other than as provided in the Retention Orders, McKinsey US has not received any payment, nor has it received any promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application,. There is no agreement or understanding between McKinsey US and any other person, other than its partners and employees, for the sharing of compensation to be received for services rendered in these cases.

5. McKinsey US's fees and expenses are billed in accordance with that certain engagement letter dated as of April 29, 2009, and approved by this Court on July 23, 2009. The rates McKinsey US charges for its services rendered in these chapter 11 cases are the same rates McKinsey US charges for services rendered in comparable nonbankruptcy-related matters. McKinsey US submits that such fees are reasonable based upon the customary compensation charged by similarly skilled professionals in a competitive national management consulting market.

6. Pursuant to the UST Guidelines, annexed hereto as Exhibit B is a schedule setting forth the McKinsey US professionals who have performed services in these chapter 11 cases during the Compensation Period, as well as the title of each professional, and the aggregate number of hours each professional worked on this matter.

7. Additionally, in accordance with the UST Guidelines and the Retention Orders, annexed hereto as Exhibit C are summary time records reflecting time spent rendering services to the Debtors by McKinsey US professionals during the Compensation Period.

8. To the extent that fees for services rendered or expenses incurred in connection with such services relate to the Compensation Period, but were not processed prior to the preparation of this Application, McKinsey US reserves the right to request compensation for such services, and reimbursement of such expenses in a future application.

## BACKGROUND

9. On January 6, 2009 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

10. On July 23, 2009, this Court entered an order pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) authorizing the employment and retention of McKinsey US as management consultants to the Debtors.

11. On September 24, 2009, this Court entered an order expanding the scope of McKinsey US's retention in these chapter 11 proceedings to include additional consulting services and additional time periods.

4

## SUMMARY OF SERVICES

12.     During the Compensation Period, McKinsey US rendered professional services in connection with:

   a. Strengthening the 5-year strategic and operational plan, presently being formulated by the Debtors, by identifying potential questions and external challenges regarding the 5-year plan;

   b. Providing the Debtors with supporting documentation and communication to critical parties of the 5-year plan; and

   c. Supporting the assessment of competitive strengths, weaknesses and strategic actions.

13.     Specifically, McKinsey US expanded the Debtors' existing strategic plan across diverse scenarios and confirmed that the strategies and actions contained in the Debtors' strategic plan are logical and consistent within the framework of the macroeconomic, energy, and industry environments. In its effort to improve the plan, based upon McKinsey US's industry expertise and proprietary models, McKinsey US highlighted to the Debtors any factors or aspects that may have been overlooked or underestimated that could have a major impact on the Debtors' performance. To this end, McKinsey US developed a prioritized list of challenges to the Debtors' draft business plan, which involved conducting interviews within the Debtors' enterprise, providing perspective on the range of macroeconomic scenarios, and anticipating challenges to the draft plan. McKinsey US also supported the process to draft, iterate, and finalize several key documents to communicate the Debtors' business plan and strategy at both the division and corporate levels. These strategy documents were prepared for both internal and external audiences (*e.g.*, executive committee, board of directors, creditors, and potential investors). This process also involved providing suggestions for improving the communication of key messages and testing for data consistency in key presentations.

NYA 611994.1 311530 000004

14. The foregoing professional services rendered by McKinsey US were necessary and appropriate, and in the best interests of the Debtors and the other parties in interest. Compensation for the foregoing services, as requested, is commensurate with the complexity, importance and nature of the problems, issues, and tasks involved. Additionally, the professional services were performed in an expeditious and efficient manner.

15. In rendering the professional services on behalf of the Debtors during the Compensation Period, McKinsey US's partners, engagement managers, analysts and associates worked an aggregate 4,307.5 hours. Of these aggregate hours, McKinsey US partners recorded 1,232 hours, engagement managers recorded 1,060 hours, associates recorded 1,631.5 hours, and analysts recorded 384 hours.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

16. Bankruptcy Code section 331 provides that as set forth in Bankruptcy Code section 330, professionals may apply for interim compensation. Bankruptcy Code section 330 provides that a court may award a professional employed under Bankruptcy Code section 327 "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses," and sets forth the following:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including —
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

6

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

17. McKinsey US respectfully submits that the management consulting services for which it seeks compensation in this Application were necessary, beneficial and in the best interests of the Debtors' estates. Moreover, throughout the Compensation Period, McKinsey US rendered such services efficiently and expeditiously. Additionally, McKinsey US assigned the work in this case to the professionals who could perform it most efficiently and expeditiously. McKinsey US respectfully submits that the amounts billed for the management consulting services rendered are fair, reasonable, and commensurate with the quality of services provided by McKinsey US. Consequently, approval of the compensation sought is warranted.

## CONCLUSION

WHEREFORE, McKinsey US respectfully requests (i) interim allowance of compensation for professional services rendered during the Compensation Period in the aggregate amount of $2,008,462.96 and reimbursement of actual and necessary expenses incurred during the Compensation Period in the amount of $301,269.44; (ii) approval of the payment of the 20% of fees held back during the Compensation Period; and (iii) to the extent that such compensation for professional services rendered and reimbursement of expenses incurred is granted, that such relief be without prejudice to McKinsey US's right to seek further compensation for fees and expenses incurred during the Compensation Period or thereafter; and (iv) such other and further relief as is just.

Dated: New York, NY
November 6, 2009

Respectfully submitted,

/s/ Peter A. Ivanick

Peter A. Ivanick, Esq.
Allison H. Weiss, Esq.
Andrew Z. Lebwohl, Esq.
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: 212.259.8000
Facsimile: 212.259.6333

8

NYA 611994.1 311530 000004

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) |  |
| LYONDELL CHEMICAL COMPANY, et al., ) | Case No. 09-10023 (REG) |
| ) |  |
| Debtors. ) | Jointly Administered |
| ) |  |

## CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF FIRST APPLICATION OF MCKINSEY & COMPANY INC. UNITED STATES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

I, Peter A. Ivanick, hereby certify that:

1. I am a partner in the law firm Dewey & LeBoeuf LLP, and represent the applicants, McKinsey & Company Inc. United States ("McKinsey US"), with regard to their retention as management consultants to Lyondell Chemical Company and its affiliated companies (collectively, the "Debtors"). I make this certification in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, adopted by this Court on April 19, 1995 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued on January 30, 1996 (the "UST Guidelines"), and the Amended Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members entered on September 24, 2009 (the "Interim Compensation Order," collectively with the Local Guidelines and the UST Guidelines, the "Guidelines").

2. In accordance with the Guidelines, I make this certification with respect to McKinsey US's application, dated November 6, 2009 (the "Application"), for interim compensation and reimbursement of expenses for the period commencing May 1, 2009 through and including August 31, 2009 (the "Compensation Period").

3. To the best of my knowledge, information and belief formed after a reasonable inquiry, the Application complies with the Guidelines.

4. In accordance with section B.1 of the Local Guidelines, I certify that:

   a. I have read the Application;

   b. To the best of my knowledge, information and belief formed after a reasonable inquiry, the fees and disbursements sought fall within the Guidelines;

   c. The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by McKinsey US and generally accepted by McKinsey US's clients; and

   d. In providing a reimbursable service, McKinsey US does not make a profit on that service, whether the service is performed in-house by McKinsey US or through a third party.

5. In accordance with section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that, no later than 20 days after the end of each billing period, McKinsey US provided to the Debtors, counsel to the Debtors, counsel to the official committee of unsecured creditors, and the United States Trustee with a monthly statement of McKinsey US's fees and disbursements accrued during such period.

2

6.  Additionally, in accordance with section B.3 of the Local Guidelines, I certify that the Debtors, counsel to the Debtors, counsel to the official committee of unsecured creditors, and the United States Trustee have been provided with a copy of the Application.

Dated:   New York, New York
         November 6, 2009

_____
Peter A. Ivanick, Esq.
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: 212.259.8000
Facsimile: 212.259.6333

NYA 611994.1 311530 000004

# EXHIBIT B

## PROFESSIONAL SERVICES RENDERED BY MCKINSEY & COMPANY INC. UNITED STATES DURING THE PERIOD MAY 1, 2009 THROUGH AUGUST 31, 2009

| Professional | Title | Hours |
|---|---|---|
| Thomas Seitz | Senior Partner | 210 |
| Thomas Hundertmark | Partner | 360 |
| David Hindman | Associate Partner | 662 |
| Rajeev Rap | Engagement Manager | 1060 |
| Joel Conkling | Associate | 585.5 |
| Ashish Modi | Associate | 1046 |
| Marc Bhagava | Business Analyst | 384 |

NYA 611994.1 311530 000004

# EXHIBIT C

## SUMMARY TIME RECORDS FOR SERVICES RENDERED BY MCKINSEY & COMPANY INC. UNITED STATES DURING THE PERIOD MAY 1, 2009 THROUGH AUGUST 31, 2009

| Date | Thomas Seitz | Thomas Hundertmark | David Hindman | Rajeev Rao | Ashish Modi | Marc Bhargava | Joel Conkling |
|---|---|---|---|---|---|---|---|
| Monday, May 11, 2009 | 2 | 5 | 12 | 10 | 10 | | 12 |
| Tuesday, May 12, 2009 | 0 | 6 | 14 | 10 | 10 | | 12 |
| Wednesday, May 13, 2009 | 5 | 9 | 13 | 13 | 13 | | 12 |
| Thursday, May 14, 2009 | 2 | 11 | 18 | 13 | 13 | | 13 |
| Friday, May 15, 2009 | 1 | 3 | 17 | 14 | 14 | | 12 |
| Saturday, May 16, 2009 | 0 | 3 | 7 | 4 | 5 | | 2 |
| Sunday, May 17, 2009 | 2 | 3 | 4 | 3 | 5 | | 1 |
| Monday, May 18, 2009 | 0 | 8 | 16 | 14 | 14 | | 13 |
| Tuesday, May 19, 2009 | 1 | 10 | 18 | 14 | 14 | | 12 |
| Wednesday, May 20, 2009 | 2 | 7 | 20 | 14 | 14 | | 15 |
| Thursday, May 21, 2009 | 1 | 8 | 18 | 14 | 14 | | 15 |
| Friday, May 22, 2009 | 5 | 12 | 15 | 12 | 12 | | 14 |
| Saturday, May 23, 2009 | 0 | 8 | 7 | 6 | 3 | | 3 |
| Sunday, May 24, 2009 | 3 | 8 | 5 | 4 | 3 | | 3 |
| Monday, May 25, 2009 | 2 | 5 | 4 | 5 | 0 | | 10 |
| Tuesday, May 26, 2009 | 8 | 8 | 14 | 10 | 10 | | 8 |
| Wednesday, May 27, 2009 | 3 | 4 | 19 | 12 | 12 | | 13 |
| Thursday, May 28, 2009 | 3 | 6 | 16 | 12 | 12 | | 12 |
| Friday, May 29, 2009 | 6 | 3 | 14 | 13 | 13 | | 12 |
| Saturday, May 30, 2009 | 2 | 4 | 0 | 8 | 8 | | 3 |
| Sunday, May 31, 2009 | 0 | 0 | 3 | 15 | 15 | | 2 |
| Monday, June 01, 2009 | 3 | 4 | 16 | 14 | 14 | | 13 |
| Tuesday, June 02, 2009 | 6 | 8 | 18 | 14 | 14 | | 15 |
| Wednesday, June 03, 2009 | 2 | 4 | 12 | 12 | 12 | | 12 |
| Thursday, June 04, 2009 | 2 | 4 | 11 | 13 | 13 | | 14 |
| Friday, June 05, 2009 | 4 | 5 | 9 | 12 | 12 | | 10 |
| Saturday, June 06, 2009 | 0 | 0 | 0 | 3 | 13 | | 1 |
| Sunday, June 07, 2009 | 2 | 2 | 0 | 4 | 13 | | 1 |
| Monday, June 08, 2009 | 4 | 6 | 11 | 14 | 14 | | 13 |
| Tuesday, June 09, 2009 | 4 | 5 | 8 | 8 | 8 | | 12 |
| Wednesday, June 10, 2009 | 2 | 4 | 10 | 13 | 13 | | 14 |
| Thursday, June 11, 2009 | 2 | 5 | 9 | 13 | 13 | | 14 |
| Friday, June 12, 2009 | 3 | 1 | 0 | 15 | 15 | | 11 |
| Saturday, June 13, 2009 | 0 | 2 | 0 | 10 | 10 | | 2 |
| Sunday, June 14, 2009 | 2 | 0 | 16 | 8 | 8 | | 0 |
| Monday, June 15, 2009 | 3 | 3 | 12 | 15 | 15 | | 16 |
| Tuesday, June 16, 2009 | 1 | 9 | 17 | 15 | 15 | | 14 |
| Wednesday, June 17, 2009 | 4 | 4 | 0 | 15 | 15 | | 18 |
| Thursday, June 18, 2009 | 3 | 6 | 12 | 15 | 15 | | 15 |
| Friday, June 19, 2009 | 2 | 5 | 0 | 15 | 15 | | 6 |
| Saturday, June 20, 2009 | 1 | 1 | 4 | 4 | 1 | | 3 |
| Sunday, June 21, 2009 | 2 | 0 | 13 | 2 | 0 | | 0 |
| Monday, June 22, 2009 | 4 | 4 | 11 | 12 | 12 | 12 | 12 |
| Tuesday, June 23, 2009 | 4 | 4 | 12 | 12 | 12 | 11 | 12 |
| Wednesday, June 24, 2009 | 5 | 6 | 2 | 12 | 12 | 12 | 11 |
| Thursday, June 25, 2009 | 2 | 4 | 2 | 10 | 10 | 9 | 10 |
| Friday, June 26, 2009 | 2 | 1 | 0 | 1 | 1 | 1 | 0.5 |
| Saturday, June 27, 2009 | 0 | 0 | 0 | 1 | 0.5 | 0 | 0 |
| Sunday, June 28, 2009 | 1 | 0 | 11 | 1 | 0.5 | 0 | 0 |
| Monday, June 29, 2009 | 4 | 3 | 10 | 14 | 14 | 14 | 11.5 |
| Tuesday, June 30, 2009 | 2 | 2 | 13 | 14 | 14 | 15 | 13.5 |
| Wednesday, July 01, 2009 | 1 | 2 | 10 | 12 | 12 | 12 | 12 |
| Thursday, July 02, 2009 | 0 | 2 | 0 | 12 | 12 | 13 | 13 |
| Friday, July 03, 2009 | 2 | 1 | 0 | 0 | 0 | 0 | 0 |
| Saturday, July 04, 2009 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Sunday, July 05, 2009 | 2 | 0 | 16 | 0 | 0 | 2 | 0 |
| Monday, July 06, 2009 | 2 | 2 | 10 | 16 | 16 | 16 | 16 |
| Tuesday, July 07, 2009 | 3 | 1 | 11 | 12 | 12 | 12 | 12 |
| Wednesday, July 08, 2009 | 3 | 5 | 12 | 14 | 13 | 13 | 13 |
| Thursday, July 09, 2009 | 3 | 4 | 0 | 12 | 13 | 12 | 12 |
| Friday, July 10, 2009 | 2 | 4 | 0 | 9 | 8 | 8 | 10 |
| Saturday, July 11, 2009 | 0 | 3 | 0 | 6 | 0 | 0 | 0 |
| Sunday, July 12, 2009 | 0 | 2 | 0 | 3 | 0 | 0 | 0 |
| Monday, July 13, 2009 | 3 | 4 | 0 | 12 | 12 | 12 | 12 |
| Tuesday, July 14, 2009 | 4 | 2 | 0 | 12 | 12 | 12 | 12 |
| Wednesday, July 15, 2009 | 2 | 2 | 0 | 10 | 10 | 10 | 0 |
| Thursday, July 16, 2009 | 7 | 4 | 0 | 10 | 10 | 10 | 0 |
| Friday, July 17, 2009 | 1 | 4 | 2 | 8 | 11 | 0 | |
| Saturday, July 18, 2009 | | 0 | 0 | 0 | 0 | 0 | |
| Sunday, July 19, 2009 | | 0 | 0 | 3 | 2 | 0 | |
| Monday, July 20, 2009 | 3 | 4 | 0 | 11 | 11 | 0 | |
| Tuesday, July 21, 2009 | 1 | 3 | 3 | 11 | 11 | 0 | |
| Wednesday, July 22, 2009 | 7 | 2 | 4 | 12 | 12 | 12 | |
| Thursday, July 23, 2009 | 2 | 4 | 5 | 11 | 11 | 11 | |
| Friday, July 24, 2009 | 1 | 4 | 7 | 9 | 9 | 9 | |
| Saturday, July 25, 2009 | | 0 | 0 | 1 | 1 | 0 | |
| Sunday, July 26, 2009 | | 0 | 0 | 1 | 1 | 1 | |
| Monday, July 27, 2009 | 2 | 3 | 0 | 13 | 13 | 13 | |
| Tuesday, July 28, 2009 | 1 | 2 | 7 | 12 | 12 | 12 | |
| Wednesday, July 29, 2009 | 7 | 2 | 6 | 15 | 15 | 15 | |
| Thursday, July 30, 2009 | 2 | 5 | 2 | 13 | 13 | 13 | |
| Friday, July 31, 2009 | 1 | 3 | 4 | 12 | 12 | 11 | |
| Saturday, August 01, 2009 | | 0 | 0 | 0 | 0 | 0 | |
| Sunday, August 02, 2009 | 1 | 0 | 0 | 0 | 0 | 0 | |
| Monday, August 03, 2009 | 2 | 3 | 4 | 13 | 11 | 0 | |
| Tuesday, August 04, 2009 | 1 | 3 | 0 | 13 | 13 | 0 | |
| Wednesday, August 05, 2009 | 2 | 4 | 0 | 12 | 12 | 0 | |
| Thursday, August 06, 2009 | 1 | 3 | 3 | 14 | 12 | 13 | |
| Friday, August 07, 2009 | 1 | 3 | 3 | 13 | 13 | 11 | |
| Saturday, August 08, 2009 | 0 | 2 | 0 | 1 | 1 | 0 | |
| Sunday, August 09, 2009 | 0 | 1 | 0 | 4 | 1 | 0 | |
| Monday, August 10, 2009 | 2 | 3 | 8 | 13 | 13 | 12 | |
| Tuesday, August 11, 2009 | 3 | 3 | 3 | 13 | 13 | 12 | |
| Wednesday, August 12, 2009 | 1 | 2 | 2 | 13 | 13 | 12 | |
| Thursday, August 13, 2009 | 3 | 1 | 2 | 11 | 11 | 11 | |
| Friday, August 14, 2009 | 2 | 4 | 9 | 10 | 10 | 10 | |
| Saturday, August 15, 2009 | 0 | 0 | 4 | 0 | 0 | 0 | |
| Sunday, August 16, 2009 | 0 | 0 | 0 | 1 | 0 | 0 | |
| Monday, August 17, 2009 | 2 | 3 | 6 | 11 | 11 | 0 | |
| Tuesday, August 18, 2009 | 0 | 2 | 2 | 12 | 11 | 0 | |
| Wednesday, August 19, 2009 | 0 | 1 | 0 | 11 | 11 | 0 | |
| Thursday, August 20, 2009 | 0 | 0 | 3 | 12 | 11 | 0 | |
| Friday, August 21, 2009 | 1 | 3 | 5 | 12 | 11 | 0 | |
| Saturday, August 22, 2009 | 0 | 0 | 0 | 0 | 0 | 0 | |
| Sunday, August 23, 2009 | 0 | 0 | 0 | 0 | 0 | 0 | |
| Monday, August 24, 2009 | 0 | 2 | 2 | 12 | 11 | 0 | |
| Tuesday, August 25, 2009 | 0 | 2 | 3 | 12 | 11 | 0 | |
| Wednesday, August 26, 2009 | 2 | 4 | 5 | 11 | 11 | 0 | |
| Thursday, August 27, 2009 | 0 | 2 | 0 | 11 | 11 | 0 | |
| Friday, August 28, 2009 | 0 | 1 | 2 | 11 | 11 | 0 | |
| Saturday, August 29, 2009 | 0 | 0 | 0 | 0 | 0 | 0 | |
| Sunday, August 30, 2009 | 0 | 0 | 2 | 0 | 0 | 0 | |
| Monday, August 31, 2009 | 0 | 1 | 4 | 11 | 11 | 0 | |
| Total Hours | 210 | 360 | 662 | 1060 | 1046 | 384 | 585.5 |