**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re:** : Chapter 11
:
**LYONDELL CHEMICAL COMPANY, et al.,** : Case No. 09-10023 (REG)
:
**Debtors.** : Jointly Administered
:
------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO (A) ENTER INTO AND PERFORM UNDER AN EQUITY COMMITMENT AGREEMENT AND (B) PAY CERTAIN RELATED FEES AND EXPENSES

Upon the motion dated December 23, 2009 (the "Motion"),[1] of LyondellBasell Industries AF S.C.A., Lyondell Chemical Company and certain of their subsidiaries and affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), for entry of an order (the "Order") authorizing the Debtors to (a) enter into and perform under the Equity Commitment Agreement (as amended, supplemented or modified in accordance with the terms thereof, the "ECA"), dated as of December 11, 2009, and (b) pay certain related fees and expenses, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no further notice

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

need be provided; and the relief being requested being in the best interest of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing held before the Court (the "Hearing"); and the Court having determined that (i) LeverageSource (Delaware), LLC, an affiliate of Apollo Management VII, L.P. ("LeverageSource"), AI LBI Investment, LLC, an affiliate of Access Industries, Inc. ("Access"), and Ares Corporate Opportunities Fund III, L.P. ("Ares," and together with LeverageSource and Access, the "Rights Offering Sponsors"), LyondellBasell Industries, N.V. and the Debtors that are reorganizing pursuant to the Debtors' *First Amended Joint Chapter 11 Plan of Reorganization for the LyondellBasell Debtors* filed on December 11, 2009, have acted in good faith and negotiated at arm's length with respect to the ECA and the exhibits and schedules thereto and related negotiations as well as this Motion pursuant to section 1125(e) of the Bankruptcy Code; (ii) the Backstop Fee, the commitment by the Debtors to reimburse the Rights Offering Sponsors for reasonable costs and expenses, and the Termination Fee contemplated by the ECA are each reasonable and a material inducement to the Rights Offering Sponsors entering into the ECA, (iii) the entry into the ECA by the parties thereto and the performance and fulfillment of their respective obligations thereunder, does not constitute the solicitation of a vote on a plan of reorganization and does not violate any law, including the Bankruptcy Code, and (iv) the relief sought in the Motion is (a) necessary and essential to the Debtors' reorganization, (b) in the best interests of the Debtors, their estates and all parties in interest and (c) a sound business exercise of the Debtors' business judgment; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that all objections to the Motion or the relief requested therein, if any, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled with prejudice; and it is further

**ORDERED** that, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are hereby authorized and directed to execute, deliver, and implement the ECA. The ECA will be binding and enforceable against the Debtors and their non-debtor affiliates in accordance with their terms; and it is further

**ORDERED** that the Debtors are authorized and directed to pay to the Rights Offering Sponsors, in full, in cash and in accordance with and as and to the extent payable pursuant to the terms of the ECA, the Backstop Fee and the Transaction Expenses, and if and when the same becomes payable, the Termination Fee (which fee shall be fully earned upon entry of this Order), without further filing with or Order of the Court; and it is further

**ORDERED** that the fees and expenses contemplated to be paid by the Debtors pursuant to the ECA (including the Backstop Fee and, if and when the same becomes payable, the Termination Fee) are hereby approved as reasonable and accorded the status of administrative expense claims pursuant to Section 503(b)(1) of the Bankruptcy Code; and it is further

**ORDERED** that direct and indirect transfers of rights, including (i) derivatives, options, swaps, pledges, forward sales or other transactions in which any Person receives the right to own or acquire a right, a Rights Claim or a Class B Share; any current or future interest in any such right, Rights Claim or a Class B Share or the right to receive any economic benefit in respect of any such right, Rights Claim or a Class B Share other than through a sale of a Rights Claim together with the rights related thereto and (ii) any direct or indirect transfer of a Rights

Claim, whether through a direct transfer or through a derivative, option, swap, pledge, forward sale or other transaction, in which the transferor would retain (or, in connection with such transfer, repurchase or agree to repurchase), directly or indirectly, any related rights, Class A Shares or Class B Shares or otherwise have the right, directly or indirectly, to acquire or own any current or future interest in any related rights, Class A Shares or Class B Shares or economic benefit in respect of any related rights, Class A Shares or Class B Shares are prohibited. For avoidance of doubt, if a transferor who held a Rights Claim as of the record date for the Rights Offering has transferred such Rights Claim together with the rights related thereto, such transferor shall not be in violation of the foregoing so long as, immediately following the effective date of the Debtors plan of reorganization, it transfers to the transferee of such Rights Claim (i) any and all Class B Shares issued in respect of any such validly exercised rights and (ii) any and all Class A Shares issued in respect of such Rights Claim; and it is further

**ORDERED** that the Debtors are authorized and directed to provide and perform the indemnities set forth in Paragraph 8 of the ECA in accordance with the terms and conditions thereof; and it is further

**ORDERED** that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

**ORDERED** that the Rights Offering Sponsors are hereby granted all rights and remedies provided to them under the ECA; and it is further

**ORDERED** that, notwithstanding the possible application of any rule under the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be effective immediately and enforceable upon its entry; and it is further

**ORDERED** that the Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: New York, New York
       **_March 11, 2010_**

                                    **_s/ Robert E. Gerber_**
                                    HONORABLE ROBERT E. GERBER
                                    UNITED STATES BANKRUPTCY JUDGE