PORZIO, BROMBERG & NEWMAN P.C.
100 Southgate Parkway
Morristown, NJ 07962-1997
(973) 538-4006
Fax (973) 538-5146
*Special Litigation Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
**In re:** : **Chapter 11**
: 
**LYONDELL CHEMICAL COMPANY,** *et al.*, : **Case No. 09-10023 (REG)**
: **Jointly Administered**
**Debtors.** :
------------------------------------------------------------ x

**SUMMARY SHEET ACCOMPANYING THIRD APPLICATION OF
PORZIO, BROMBERG & NEWMAN P.C. FOR ALLOWANCE OF
<u>INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

| | |
|---|---|
| Name of Applicant: | Porzio, Bromberg & Newman P.C. ("Porzio") |
| Authorized to Provide Professional Services to: | Debtor, Lyondell Chemical Company |
| Date of Retention: | Approved on April 17, 2009, *Nunc Pro Tunc* to January 6, 2009 |
| Period for which Compensation and Reimbursement is Sought: | September 1, 2009, to December 31, 2009 ("Compensation Period") |

Total Fees Requested:  $10,758.00
Total Fees Paid:  $8,606.40
Total Fees Outstanding:  $2,151.60

Total Expenses Requested:  $786.67
Total Expenses Paid:  $786.67
Total Expenses Outstanding:  $0

Total Fees and Expenses Outstanding:  $2,151.60

<u>Total Fees and Expenses Requested for Approval:</u>  $11,544.67

1348711

**SUMMARY OF MONTHLY FEE STATEMENTS
SERVED DURING THE COMPENSATION PERIOD**

| Date Served | Period | Requested | | Paid | |
|---|---|---|---|---|---|
| | | **Fees** | **Expenses** | **Fees (80%)** | **Expenses (100%)** |
| 10/15/2009 | 9/1/2009-9/30/2009 | $1,254.50 | $316.45 | $1,003.60 | $316.45 |
| 11/19/2009 | 10/1/2009-10/31/2009 | $1,308.00 | $174.25 | $1,046.40 | $174.25 |
| 12/16/2009 | 11/1/2009-11/30/2009 | $7,653.50 | $110,72 | $6,122.80 | $110.72 |
| 1/14/2010 | 12/1/2009-12/31/2009 | $542.00 | $185.25 | $433.60 | $185.25 |
| | | **Total:** $10,758.00 | **Total:** $786.67 | **Total:** $8,606.40 | **Total:** $786.67 |

**SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS PROVIDING SERVICES FROM SEPTEMBER 1, 2009, THROUGH DECEMBER 31, 2009**

**Matter:** *BASF v. Lyondell Chemical Company*

| Name & Title | Year Admitted | Hourly Rate* | Total Hours | Total Amount Requested |
|---|---|---|---|---|
| *Professionals:* | | | | |
| Steven P. Benenson, Principal | 1984 | $455 | 3.6 | $1,638.00 |
| John T. Chester, Counsel | 1991 | $395 | 16.1 | $6,359.50 |
| Robert M. Schechter, Associate | 2005 | $285 | 3.9 | $1,111.50 |
| Amy Cattafi, Associate | 2008 | $250 | .1 | $25.00 |
| *Paraprofessionals:* | | | | |
| Mathew D. Laskowski, Senior Paralegal | N/A | $135 | 2.4 | $324.00 |
| Noelle Hart, Paralegal | N/A | $125 | 10.4 | $1,300.00 |
| **Total:** | | | 36.5 | $10,758.00 |

**Blended rate for professionals (excluding paraprofessionals): $385.38**

*Note: The hourly rates set forth herein are comparable to those charged to non-bankruptcy clients of Porzio, Bromberg & Newman P.C. in similar matters, and are based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in the competitive market.

*Summary of Porzio's First Application for Allowance of Interim Compensation and Reimbursement of Expenses*:

| Requested Fees | Requested Expenses | Allowed Fees | Allowed Expenses | Awarded Fees | Awarded Expenses | 5% Holdback of Allowed Fees |
|---|---|---|---|---|---|---|
| $294,217.00 | $13,546.98 | $275,781.43 | $13,546.98 | $220,625.14 | $13,546.98 | $13,789.07 |

*Summary of Porzio's Second Application for Allowance of Interim Compensation and Reimbursement of Expenses*:

| Requested Fees | Requested Expenses | Allowed Fees | Allowed Expenses | Awarded Fees | Awarded Expenses | 5% Holdback of Allowed Fees |
|---|---|---|---|---|---|---|
| $94,698.00 | $3,274.38 | $91,698.00 | $3,274.38 | $87,113.10 | $3,274.38 | $4,584.90 |

PORZIO, BROMBERG & NEWMAN P.C.
100 Southgate Parkway
Morristown, NJ 07962-1997
(973) 538-4006
Fax (973) 538-5146
*Special Litigation Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re: : **Chapter 11**
:
**LYONDELL CHEMICAL COMPANY,** *et al.*, : **Case No. 09-10023 (REG)**
:
: **Jointly Administered**
Debtors. :
:
------------------------------------------------------------x

**THIRD APPLICATION OF PORZIO, BROMBERG & NEWMAN P.C.**
**FOR ALLOWANCE OF INTERIM COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES**

Porzio, Bromberg & Newman P.C. ("Porzio"), Special Litigation Counsel for Debtors, files this its third interim application for allowance of compensation and reimbursement of expenses ("Application") relating to the above-referenced bankruptcy case for the period September 1, 2009, through December 31, 2009 ("Compensation Period").

**Background**

1. On January 6, 2009 ("Commencement Date"), Lyondell Chemical Company and certain of its subsidiaries and affiliates ("Debtors") filed a voluntary petition for relief under Chapter 11 of the United States Code, 11 U.S.C. § 101 *et seq.* ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On January 23, 2009, the Court entered the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members [Docket No. 363] ("Interim Compensation Procedures Order").

1348711

3. On April 2, 2009, the Debtors filed an Application For an Order Authorizing the Retention of Porzio, Bromberg & Newman P.C. Under Section 327(e) of the Bankruptcy Code as Special Counsel, *Nunc Pro Tunc* to January 6, 2009 [Docket No. 1374] ("Retention Application") to retain Porzio as special litigation counsel for certain non-bankruptcy litigation matters. These matters are more fully described in the Declaration of Steven P. Benenson and Disclosure Statement on Behalf of Porzio, Bromberg & Newman P.C. pursuant to 11 U.S.C. § 327(e) and Federal Rules of Bankruptcy Procedure 2014(a) and 2016(b) in Support of Debtors' Application filed with the Retention Application. No objections to the Retention Application were filed.

4. On April 17, 2009, the Court entered the Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) Authorizing the Employment and Retention of Porzio, Bromberg & Newman P.C. as Special Litigation Counsel to the Debtors *Nunc Pro Tunc* to January 6, 2009 [Docket No. 1559] ("Retention Order"), attached hereto as ***Exhibit B***.

5. The Interim Compensation Procedures Order authorizes professionals to seek monthly compensation by serving a monthly statement ("Monthly Statement"), by hand or overnight delivery, to the Notice Parties identified in the order by the 20 day of each month following the month for which compensation is sought. The Interim Compensation Procedures Order authorizes the Debtors to pay professionals 80% of the fees and 100% of the expenses identified in each Monthly Statement to which no objection has been duly served.

6. Following entry of the Retention Order on April 17, 2009, Porzio has served Monthly Statements pursuant to the Interim Compensation Procedures Order.

7. Porzio's first application for allowance of interim compensation and reimbursement of expenses for the period January 6, 2009, through April 30, 2009, was filed on June 11, 2009 [Docket No. 1994]. The application was granted by Order Granting Applications for Allowance of Professional Compensation and Reimbursement of Expenses for the Period from January 6, 2009 Through April 30, 2009 [Docket No. 2,505] entered August 11, 2009.

8. Porzio's second application for allowance of interim compensation and reimbursement of expenses for the period May 1, 2009, through August 31, 2009, was filed on November 16, 2009 [Docket No. 3231]. The application was granted by Order Granting Applications for Allowance of Professional Compensation and Reimbursement of Expenses for the Period From May 1, 2009 Through August 31, 2009 [Docket No. 3416] entered December 10, 2009 (the "Order Granting Second Fee Applications").

9. Pursuant to the Order Granting Second Fee Applications (at 4), five percent of Porzio's allowed fees for professional compensation for the first and second compensation periods have been held back.

10. With respect to the subject Compensation Period, Porzio served its Monthly Statement for September 2009 on October 15, 2009, its Monthly Statement for October 2009 on November 19, 2009, its Monthly Statement for November 2009 on December 16, 2009, and its Monthly Statement for December 2009 on January 14, 2010.

11. The Monthly Statements were served by overnight delivery to: (i) the Debtors, 1221 McKinney Street, Suite 700, Houston, TX 77010 (Attn: Gerald A. O'Brien, Esq.); (ii) Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, NY 10281 (Attn: Deryck A. Palmer and Jessica L. Fink, Esq.); (iii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Paul Schwartzberg, Esq.); (iv)

Davis, Polk & Wardwell, 450 Lexington Avenue, New York, NY 10017 (Attn: Marshall S. Huebner, Esq. and Timothy E. Graulich, Esq.); (v) Mayer Brown LLP, 1675 Broadway, New York, NY 10019 (Attn: Brian Trust, Esq.); and (vi) Brown Rudnick LLP, Seven Times Square, New York, NY 10036 (Attn: Edward S. Weisfelner, Esq.) (collectively, the "Notice Parties").

12. As set forth in the summary chart above, Debtors have paid 80% of fees and 100% of expenses for the Compensation Period.

## Porzio's Application

13. In accordance with §§ 330 and 331 of the Bankruptcy Code, Fed. R. Bankr. P. 2002(a)(6) and 2016(a), and the Interim Compensation Procedures Order, Porzio respectfully requests: (i) the allowance and award of compensation for professional services rendered during the Compensation Period in the amount of $10,758.00 and reimbursement of actual and necessary expenses incurred during the Compensation Period in the amount of $786.67, totaling $11,544.67; (ii) authorization for the Debtors to pay Porzio any holdback amounts previously ordered by the Court; and (iii) such other and further relief the Court deems just and proper. The total amount sought for fees represents approximately 23.7 hours of professional services (excluding paraprofessionals), with a total blended rate for professionals of $385.38 per hour.

14. Sections 330 and 331 of the Bankruptcy Code provide the statutory basis for compensation of professionals in bankruptcy cases. Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

15. Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
> - (A) the time spent on such services;
> - (B) the rates charged for such services;
> - (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> - (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> - (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> - (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

16. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. Consideration of this Application and the relief requested is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

17. During the Compensation Period, other than pursuant to the Interim Compensation Procedures Order, Porzio received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity in connection with the fees and expenses sought by this Application. There is no agreement or understanding between Porzio and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

18. Porzio's hourly rates are comparable to those charged to non-bankruptcy clients in similar matters, and are based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in the competitive market.

19. All legal services performed by Porzio were performed for and on behalf of Debtor and not on behalf of any committee, creditor, or other person or entity.

20. Pursuant to the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 ("Amended Guidelines"), attached hereto as *Exhibit A* is a copy of the Certification of Steven P. Benenson ("Benenson Certification") certifying compliance with the same.

21. Pursuant to the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 adopted on January 30, 1996 ("UST Guidelines"), attached hereto as *Exhibit C* is a summary of professionals providing services for the compensation period, including a breakdown of the hours, hourly rates, and fees attributable to the various individuals at Porzio who rendered the services for which compensation is sought in the application.

22. Attached hereto as **Exhibit D** is a summary of the actual and necessary expenses incurred by Porzio for the Compensation Period for which reimbursement is sought.

23. Attached hereto as **Exhibits E-1 through E-4** are copies of Porzio's Monthly Statements for the Compensation Period, which set forth the services rendered, time expended, expenses incurred, and amounts requested. The Monthly Statements also set forth the time expended performing services in each project category.

24. To the extent that time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, Porzio reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

## Summary of Services

25. Porzio is a preeminent law firm with offices in New Jersey and New York and a diversified practice in numerous areas of law, including commercial litigation and transactions, and appellate practice.

26. The Debtors sought and received the Court's approval to retain Porzio *nunc pro tunc* to the Commencement Date because of Porzio's extensive knowledge and experience in representing Debtor Lyondell Chemical Company ("Lyondell") since July 2007 in connection with a civil action brought by BASF Corporation ("BASF") in the Superior Court of New Jersey, which is now on appeal (the "BASF Appeal").

27. In 1998, BASF and Lyondell entered into a long-term PO Processing Contract pursuant to which Lyondell processes propylene into propylene oxide for BASF. The contract contains a "most-favored-nations" ("MFN") provision. Under the MFN provision, if Lyondell sells or processes propylene oxide at a lower price to a BASF competitor, Lyondell is to adjust BASF's price to meet such lower price, subject to certain conditions, limitations, and exclusions.

In 2005, BASF filed a breach-of-contract action in the Superior Court of New Jersey alleging that Lyondell had violated the MFN. On August 13, 2007, following a two-month jury trial, the jury rendered a verdict in favor of BASF in the amount of $169,932,670, to which the court added prejudgment interest of $36,475,248. In November 2007, Porzio filed the BASF Appeal on behalf of Lyondell, asserting that the trial court erred by delegating certain issues of interpretation to the jury, excluding Lyondell's proofs, allowing BASF to substantially overstate its claimed damages, and by committing other errors that led to an unfair trial.

28. In connection with the filing of the BASF Appeal, Lyondell posted a $200 million supersedeas bond. When the Appellate Division of the Superior Court of New Jersey ("NJ App. Div.") dismissed the BASF Appeal upon receipt of notice that Debtors' had filed a chapter 11 bankruptcy case, a dispute arose between the Debtors and BASF concerning whether the dismissal resulted in the termination of supersedeas bond (the "Bond Issues"). This dispute over the Bond Issues was addressed by Lyondell and BASF in applications before the Bankruptcy Court and the NJ App. Div. and, on March 18, 2009, the Bankruptcy Court issued a Bench Decision on Motion to Enforce the Automatic Stay and Relief from the Automatic Stay [Docket No. 1244] addressing the Bond Issues. Thereafter, Debtors and BASF resolved the Bond Issues, as reflected in a consent order entered by the NJ App. Div.

29. In July 2009, Debtors and BASF agreed to request that this Court lift the automatic stay to permit the BASF Appeal to proceed in the NJ App. Div. Accordingly, Debtors and BASF submitted a proposed Stipulation and Order Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362 to Permit Prosecution of State Court Appeal, which this Court entered on August 14, 2009 [Docket No. 2,494]. Thereafter, briefing in the BASF Appeal was completed and the appeal is pending on the NJ App. Div.'s docket.

30. The major activities undertaken by Porzio during the Compensation Period are summarized below. The following summary is intended to highlight the services rendered by Porzio, and is not meant to be a detailed description of all of the work performed. Detailed descriptions of the day-to-day services provided by Porzio and the time expended performing such services in each project billing category are fully set forth in Exhibits "E-1" through "E-4."

    A. <u>The BASF Appeal</u>  Activities undertaken with respect to the BASF Appeal for the Compensation Period:

- Evaluate and confer with Debtor's counsel regarding impact of bankruptcy reorganization plan on BASF Appeal.
- Correspond with BASF's counsel concerning notification of NJ App. Div. of lift of bankruptcy stay pursuant to consent order.
- Advise Debtor concerning status and strategy with respect to the BASF Appeal.
- Communicate with Debtor's trial counsel as to BASF Appeal and procedural issues.

    B. <u>Fee/Employment Applications</u>  Activities undertaken pursuant to the Retention Order and the Interim Compensation Procedures Order during the Compensation Period:

- Prepare Monthly Statements for the Compensation Period, and serve them on all appropriate parties pursuant to the terms of the Interim Compensation Procedures Order.
- Prepare, file, and serve second interim fee application.
- Monitor bankruptcy proceedings and notices relating to hearings on second interim fee application, and coordinate with CWT with respect to same.

**The Requested Compensation and
<u>Expense Reimbursement Should be Allowed</u>**

31. Based on the foregoing, Porzio respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to Debtors and the parties in interest. Furthermore, Porzio submits that the compensation requested herein is reasonable in light of the

complexity, importance, and nature of the problems, issues and tasks involved, and value of the services rendered to, the Debtors. The professional services were performed in an expeditious and efficient manner.

32. Porzio charges the Debtors $0.20 per page for photocopying. Porzio utilizes an electronic device that electronically records the number of copies made. Whenever feasible, Porzio sends large photocopying projects to an outside service that charges a reduced rate for photocopying. Porzio's charges for photocopying and facsimile transmissions do not exceed the maximum rate set forth by the Guidelines. These charges are intended to cover Porzio's direct operating costs, including the use of machines, supplies and labor expenses, which costs are not incorporated in the Porzio hourly billing rates.

33. Porzio has flat-rate contracts with Lexis and Westlaw for computerized legal research. The charges incurred each month are allocated to relevant clients. The resulting rates are less than the standard rates charged by Lexis and Westlaw.

34. In sum, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## Notice

35. In accordance with the Order Establishing Notice Procedures and a Master Service List entered January 7, 2009 [Docket No. 56], notice of this Application is being served by overnight delivery to the Notice Parties.

## Conclusion

In light of the foregoing, Porzio respectfully requests: (i) the allowance and award of compensation for professional services rendered during the Compensation Period in the amount of $10,758.00 and reimbursement of actual and necessary expenses incurred during the Compensation Period in the amount of $786.67, totaling $11,544.67; (ii) authorization for the

Debtors to pay Porzio any holdback amounts previously ordered by the Court; and (iii) such other and further relief the Court deems just and proper.

Respectfully submitted this 1st day of April 2010.

By: */s/ Robert M. Schechter*
Robert M. Schechter
PORZIO, BROMBERG & NEWMAN P.C.
100 Southgate Parkway
Morristown, NJ 07962-1997
(973) 538-4006
(973) 538-5146 Fax
rmschechter@pbnlaw.com
*Special Litigation Counsel to the Debtors*