Andrew M. Troop, Esq.
Dina E. Yavich, Esq.
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, New York 10036
Telephone: (212) 858-1000
Facsimile: (212) 858-1500

*Attorneys for the Reorganized Debtors
and the Millennium Custodial Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re:** :
: **Chapter 11**
:
**LYONDELL CHEMICAL COMPANY, et al.,** : **Case No. 09-10023 (CGM)**
:
: **Jointly Administered**
**Post-Confirmation Debtors.** :
:
---------------------------------------------------------------x

**TWENTY-SEVENTH POST-CONFIRMATION STATUS REPORT OF
THE POST-CONFIRMATION DEBTORS PURSUANT TO
SECTION 1106(A)(7) OF THE BANKRUPTCY CODE
AND LOCAL BANKRUPTCY RULE 3021-1**

Lyondell Chemical Company on behalf of itself and certain of its affiliates, as the reorganized debtors in these cases (the "**Reorganized Debtors**"), and the Millennium Custodial Trust on behalf of the former debtor affiliates of Lyondell Chemical Company which are now directly or indirectly owned by the Millennium Custodial Trust (the "**Schedule III Debtors**" and with the Reorganized Debtors, the "**Post-Confirmation Debtors**"), as and for their twenty-seventh status report apprising the United States Bankruptcy Court for the Southern District of New York (the "**Court**") of actions taken by the Post-Confirmation Debtors since confirmation of the *Third Amended and Restated Joint Chapter 11 Plan of Reorganization for the*

*LyondellBasell Debtors*, dated March 12, 2010 [Docket No. 4418] (the "**Plan**")[1] in furtherance of the various transactions contemplated thereunder, respectfully represent:

## BACKGROUND

1. This is the Twenty-Seventh Post-Confirmation Status Report filed by the Post-Confirmation Debtors, pursuant to section 1106(a)(7) of the Bankruptcy Code, and Local Rule 3021-1.[2]  This Post-Confirmation Status Report incorporates the information reported in the previously filed Status Reports to the extent applicable or necessary, and describes the progress of the case since the last-filed Status Report.

## CLAIMS RESOLUTION

2. Over 280,000 proofs of claim were filed in these chapter 11 cases (the "**Chapter 11 Cases**"). All but a small fraction of these claims have been resolved either (i) through allowance of the claims, (ii) pursuant to claims settlement agreements or stipulations, or (iii) through the claims objection process approved in these cases.[3]

---

[1] Capitalized terms used and not defined herein shall have the meanings ascribed to such terms in the Plan.

[2] Prior Post-Confirmation Status Reports were filed on August 16, 2010 [Docket No. 4837], November 17, 2010 [Docket No. 5279], February 16, 2011 [Docket No. 6432], May 12, 1011 [Docket No. 6731], August 10, 2011 [Docket No. 6868], November 9, 2011 [Docket No. 6921], February 15, 2012 [Docket No. 6998], May 1, 2012 [Docket No. 7066], August 10, 2012 [Docket No. 7087], November 15, 2012 [Docket No. 7127], February 12, 2013 [Docket No. 7163], May 15, 2013 [Docket No. 7187], August 15, 2013 [Docket No. 7220], November 12, 2013 [Docket No. 7232], February 11, 2014 [Docket No. 7257], May 13, 2014 [Docket No. 7268], August 15, 2014 [Docket No. 7303], November 7, 2014 [Docket No. 7341], February 11, 2015 [Docket No. 7377], May 14, 2015 [Docket No. 7396], August 4, 2015 [Docket No. 7402] November 10, 2015 [Docket No. 7428], February 8, 2016 [Docket No. 7445], May 15, 2016 [Docket No. 7460], August 9, 2016 [Docket No. 7474] and November 14, 2016 [Docket No. 7496] (collectively with this Post-Confirmation Status Report, the "**Status Reports**").

[3] Section 8.2 of the Plan authorizes the Post-Confirmation Debtors to resolve Disputed Claims without further order of the Court; *provided* that the Post-Confirmation Debtors shall consult with the Creditor Representative concerning the Post-Confirmation Debtors' settlement, resolution or withdrawal of any objection to a General Unsecured Claim that is disputed.

3.  Pursuant to their comprehensive review and reconciliation of all filed proofs of claim, the Post-Confirmation Debtors have, since the Effective Date, filed 101 omnibus objections to proofs of claim, affecting a current total of approximately 2,137 proofs of claim, seeking to, *inter alia*, (i) disallow and expunge certain claims, (ii) reduce certain claims and (iii) reclassify certain claims filed against the Post-Confirmation Debtors' estates.  In addition, the Post-Confirmation Debtors also have filed objections to certain claims on an individual basis.  **Exhibit A** summarizes (i) the total Disputed Claims that have been resolved during the Chapter 11 Cases, and (ii) the Disputed Claims that have been resolved since the last Status Report was filed.  In particular, Exhibit A sets forth all Disputed Claims that have been allowed, disallowed, or satisfied, and for the first category, lists the class in which a claim has been allowed and the amount at which it has been allowed.

## DISTRIBUTIONS UNDER THE PLAN

4.  Article IV of the Plan requires distributions to be made on account of Class 1 (Priority Non-Tax Claims); Class 2 (Secured Tax Claims); Class 3 (DIP Roll-Up Claims); Class 4 (Senior Secured Claims); Class 5 (Bridge Loan Claims); Class 6 (Other Secured Claims); Class 7-A (General Unsecured Claims against Non-Schedule III Obligor Debtors); Class 7-B (General Unsecured Claims against Non-Obligor Debtors); Class 7-C (General Unsecured Claims and Senior/Bridge Guarantee Claims against MPI, MSC, MPCO); Class 7-D (General Unsecured Claims and Senior/Bridge Deficiency Claims against Schedule III Obligor Debtors) and Class 8 (2015 Notes Claims) on the later of the Effective Date or the date such claim becomes Allowed, or as soon thereafter as is reasonably practicable.[4]

---

[4] The value of the assets of the Debtor-entities that are now owned by the Millennium Custodial Trust were deemed distributed on the Effective Date, as reported on Exhibit B of the first Status Report, filed on August 16, 2010 [Docket No. 4837].

## FINAL DECREES

5. On December 17, 2012, the Court entered final decrees closing 44 of the Debtors' cases (the "**Lyondell Completed Cases**," and the Debtors therein, the "**Lyondell Completed Case Debtors**"). To facilitate the closing of the Lyondell Completed Cases, the Court authorized the transfer of any claims still pending against the Lyondell Completed Case Debtors to the main Lyondell case (No. 09-10023) for all further administration.

6. The Court thereafter entered final decrees closing the cases of 25 of the Schedule III Debtors as of June 24, 2013, and the cases of 17 additional Schedule III Debtors as of December 30, 2014.

7. To date, therefore, final decrees have entered in 86 of the 94 jointly-administered Chapter 11 Cases, and those 86 cases have been closed (the "**Completed Cases**" and the Debtors therein, the "**Completed Case Debtors**"). **Exhibit B** lists the Completed Cases and their case numbers, the date the final decree was entered in each, and the docket number for each final decree.

8. Status Reports do not include disbursements made by a Completed Case Debtor after the quarter in which its case was closed.

## OPERATING DISBURSEMENTS

9. During the fourth quarter of 2016, the Post-Confirmation Debtors have made disbursements totaling $1,014,846,000. **Exhibit C** lists these disbursements on a Post-Confirmation Debtor-by-Debtor basis.

**CONCLUSION**

10. The Post-Confirmation Debtors will continue to provide the Court and parties in interest with updates regarding their actions since confirmation of the Plan by filing Status Reports for each quarter of the calendar year until the close of the last of the Chapter 11 Cases.

Dated: New York, New York
February 8, 2017

PILLSBURY WINTHROP SHAW PITTMAN LLP

 /s/   *Andrew M. Troop*
Andrew M. Troop, Esq.
Dina E. Yavich, Esq.
1540 Broadway
New York, New York 10036
Telephone:  (212) 858-1000
Facsimile:  (212) 858-1500
andrew.troop@pillsburylaw.com
dina.yavich@pillsburylaw.com

*Attorneys for the Reorganized Debtors and the Millennium Custodial Trust*